STANLEY et al. *vs.* HILL.

1. Matters resting in the discretion of the court below, cannot be reviewed.

2. A frivolous plea may be treated as a nullity, and judgment signed for want of a plea.

Error to Coosa County court.

Assumpsit.—This action was brought in the court below, by the defendant, against the plaintiffs.

The declaration recites, that the plaintiffs in error, and one James Russel, who is not sued, executed the note on which the action is founded. At the return term of the writ, the plaintiffs in error pleaded in abatement, that the note on which the action was founded, was executed by them jointly, with James Russel, who was not sued in the action. To this plea, the plaintiff below demurred. At the trial term of the cause, the court, on the motion of the plaintiff below, permitted him to withdraw his demurrer to the defendants' plea in abatement, though objected to by the defendants' counsel, and rejected the plea of the defendants as frivolous. The defendants then asked leave of the court to plead over, which the court refused, and rendered judgment for the plaintiff below, from which judgment, a writ of error is prosecuted to this court, and these matters are now assigned as error.

*Stone,* for plaintiffs in error.

Stanley et al. *vs.* Hill.

ORMOND, J.—It was a matter resting entirely on the discretion of the court, to permit the plaintiff below to withdraw his demurrer to the defendants' plea, and therefore cannot be examined in this court, on error.

The court did not err in rejecting the plea of the defendant, as it was perfectly frivolous, and presented no point, either in bar or abatement of the action. The plaintiff might have treated it as a nullity, and signed judgment for want of a plea; there could not, therefore, be error in rejecting it—(State *vs.* Williams, 3 Stewart's Rep. 454.)

By the act to regulate proceedings in law and equity in this State, passed in eighteen hundred and nineteen, the pleadings are required to be made up during the first week of the term. If this rule be not complied with, and there is no consent enlarging the time, the plaintiff's suit may be dismissed for failure to file his declaration, or judgment by default be entered for want of a plea, unless the court, in its discretion, on good cause shewn, should grant longer time. The rejection of the defendants' plea, left them at the trial term undefended, and entitled the plaintiff to his judgment, unless the court, in the exercise of its discretion, should then permit a plea to be filed. This permission was refused, and if it were a question we could review, we could not say the discretion of the court was unwisely exercised.

Let the judgment be affirmed.