## PUCKETT v. POPE.

1. The defendant being sued on the exemplification of a judgment, rendered in the State of Mississippi, pleaded that he was not a citizen of Mississippi; was not there at any time pending the suit, nor was he notified of its pendency by the service of process or otherwise, and that he did not appear to, or defend the same, either personally, by attorney or otherwise—*Held*, that the plea was not bad on demurrer, that if there was any thing in the record which would estop the defendant from interposing such a plea, it should have been replied.

2. Where there are two defendants, only one of whom is served with process, and pleads, and the judgment entry recites that the parties came by their attornies, and thereupon came a jury &c. it will be intended that they only came who had made up issue to be tried by jury.

3. When the plaintiff's demurer to several pleas of the defendant is overruled generally, with leave to reply, which is declined, the judgment on demurrer will not be reversed if either of the pleas is good.

4. Where a judgment final, was rendered for the plaintiff on demurrer to several pleas in bar, such a judgment put an end to the suit, and if the cause is afterwards tried on the *general issue*, the judgment will not be reversed for an error in the exclusion of evidence.

Writ of error to the County Court of Madison.

THE plaintiff in error, declared against the defendant in debt upon the exemplification of a judgment alledged to have been recovered against him and one Benjamin G. Sims, as partners, in the Circuit Court of Hinds county, in the State of Mississippi.

The defendant pleaded,

1. *Nul tiel* record.

2. That no writ, or other process in the suit mentioned in the plaintiffs declaration was ever served or executed on him, nor was he ever notified in any manner, of the pendency of the same, or of the supposed recovery therein; and that he never appeared to or defended the said suit either personally, or by attorney, or otherwise.

3. In addition to a denial of notice of the pendency of the suit, or an appearance to the same, as in the second plea, the defendant pleads that he was a citizen of the State of Alabama, residing and personally being therein, at and before the commencement of the suit in Mississippi, and during its pendency,

and still is, without ever being within the jurisdiction of the Circuit Court of Hinds county, or within the State of Mississippi, from the time the suit was brought, to its conclusion.

4. In addition to the facts stated in the third plea, the defendant avers, that it does not appear by the record of the suit described in plaintiff's declaration, that he was ever in any manner notified of the same, or that he ever appeared to or defended it.

In addition to the facts alleged in the fourth plea, the defendant pleads that he was not, when the suit was commenced, in Hinds county, in the State of Mississippi, or at any time afterwards a partner of Benjamin G. Sims, who is mentioned in the plaintiff's declaration.

6. After recapitulating the matter of the fifth plea, it is alleged that the plaintiff commenced and prosecuted his suit in Hinds county, Mississippi, and obtained a recovery therein against the defendant, fraudulently, well knowing that he was not a partner of Sims, at the time of the commencement, or during the pendency of the same.

The plaintiff demurred to each of the defendant's pleas, except the first, and on that issue was taken to the Court. The questions of law, arising upon the demurrer being argued, the demurrer was overruled and leave given to the plaintiff to reply, which he declined doing. Upon the trial of the issue of *nul tiel record*, the Court rejected the exemplification as evidence, and thereupon, the plaintiff excepted.

The process or writ, which makes part of the exemplification, appears to have been served on Sims alone, and is returned, "not found" as to Pope. Sims alone pleaded, but in the margin of the judgment entry, the parties names are thus stated: "Jesse Puckett v. Sims & Pope," and the entry proceeds, "This day, came the parties by attornies, and thereupon came a jury to wit" &c.

Robinson, for the plaintiff in error—insisted, that the demurrer to the defendant's pleas, should have been sustained, on the ground, that they assumed to contradict a record. The case of Mills v. Duryee, 7 Cranch's Rep. had settled that the record of a judgment recovered in one State, was conclusive as evidence, when sought to be enforced by action in another; and

this-case has been recognized as authority, not only in this, but in all the other States.

The judgment in Mississippi, recites that the parties came by attornies, and this shows, that the defendant appeared to the suit there, although he may not have been served with process.

· But conceding that the demurrer was *rightfully* sustained, and then the Court erred in rejecting the exemplification, under the plea of *nul tiel record.*

. · HOPKINS, for the defendant. The case of Mills v. Duryee has certainly been followed as a correct exposition of the law, yet it has been frequently holden, that a defendant when sued in one State, upon a judgment recovered in another, may plead that he had no notice of the pendency of the suit—that he did not reside in, nor was temporarily in the State where the re-covery was had, pending the action; or any other matter show-ing a want of jurisdiction : 1 Johns. Rep. 424; 5 Johns. Rep. 40; 9 Mass. Rep. 467. And the recital in the exemplification, of the defendant's having had notice of the suit, or appeared thereto, will not estop him from denying the want of jurisdic-tion, in the Court rendering the judgment : 13 Johns. Rep. 206; 2 Hall's Sup. C. Rep. 302; 6 Wend. Rep. 447; 4 Cow. Rep. 292; Lucas v. The Bank of Darien, 2 Stewart's Rep. 280.

But the exemplification from Mississippi, shows that the de-fendant was not served with process, and the recital in the judgment is no evidence of his having appeared : 1 Howard's Rep. 358.

·· The decision on the plea of *nul tiel record* was unnecessary, the defendant being entitled to judgment on his other pleas; and although the record may have been properly described in the declaration, and regularly authenticated, its rejection was not an error of which the plaintiff can complain. · ·

COLLIER, C. J.—There is great contrariety of decision. upon the question, whether a defendant against whom a judg-ment has been rendered in one State, can, when sued in anoth-er, plead that he was not amenable to the jurisdiction of the Court, rendering the judgment, where the exemplification of the recovery shows, that he appeared to the suit, either in person, or by attorney : 3 Phil. Ev. C. & H's ed. 799, 800, 801, 908,

Puckett *v.* Pope.

909, and cases collected and commented on. Thompson v. Tolmie, 2 Peters' Rep. 165. But it is conceded by all the authorities, that where the defendant does not reside in the State where the suit is brought, and is not served with process, and does not appear, the judgment or decree in such suit, will not be allowed to operate in *personam* against such party in the Courts of any other State: 3 Ph. Ev. 922 C. & H's notes and cases there cited.

A citizen of one State, who comes within the territory of another, contracts a temporary allegiance to it, and may be subjected to the process of its Courts, and bound personally by a judgment there rendered. But whether jurisdiction be acquired in virtue of the service of process on the person, or the seizure of the defendant's property may very materially affect the extent to which the judgment will operate. In order to make the judgment binding upon the defendant *in personam*, he must be served personally, with a notice of the suit while he is within the jurisdiction of the sovereignty under which the Court acts; unless by his appearance he has dispensed with the service of process. But where a judgment is obtained upon an attachment of the defendants property, it will not be regarded in other States as evidence, or as operative *in personam;* for the reason, that except so far as the property attached is concerned, there is, and can be no jurisdiction or power of adjudication: 3 Phil. Ev. 907, '8, C. & H's notes. Whether the law is not otherwise, where the defendant has notice of the attachment, we need not not inquire.

The law being as we have stated it, it was clearly competent for the defendant, unless estopped by the record, to deny by plea, that he was a citizen of the State of Mississippi, that he was there at any time pending the suit, that he was notified of its pendency, by the service of process, or otherwise, and that he did appear to, or defend the suit, either personally, by attorney or otherwise. Such, in substance, was his second plea. And if the plaintiff had relied upon the record as an estoppel, he should have replied speccially, setting out, or substantially reciting such parts of it, as went to negative the plea. In the absence of a replication of this kind, the County Court could not have undertaken to say, that the second plea was bad. It was enough for the defendant to place upon the

record a defence which was *prima facie* available, without denying in advance, every supposable fact by which it might be avoided: according to the rules of pleadings, such matters in avoidance must have been alleged by the plaintiff.

We will not, as the decision of this case does not require it, consider whether the recitals in a record, of the service of process, or the appearance of a defendant, shall be conclusive against him. That question we have seen, being one on which the cases are by no means harmonious, we prefer to place our judgment upon ground less disputable, and have no hesitation in concluding, that upon considering the demurrer to the pleas, the exemplification was not before the Court, except so far as it was described in the declaration. The declaration is in usual form, merely reciting the recovery of the judgment in Mississippi, its non-payment, &c. but is entirely silent upon the point, whether the defendant had notice of, or appeared to the suit there.

But the plaintiff would not be benefitted, even if it were permissible, in considering the pleas demurred to, to refer to the exemplification which accompanies the record in this cause. Although the writ issued against the defendant Sims, yet it is returned " not found" as to the former, and although the names of the parties are stated in the margin of the entry, as " Puckett v. Sims & Pope," yet the judgment proceeds: " This day, came the parties by attornies, and thereupon came a jury, to wit," &c. In Gilbert, *et al.* v. Lane, 3 Porter's Rep. 267, and in Wheeler, *et al.* v. Bullard, 6 Porter's Rep. 352, the judgments were by *nil dicit*, and recited that the defendants came by attorney, and we held it inferrible, from the recital in the entry, that all the defendants whose names were stated in the margin, were before the Court. But in the case at bar, the entry recites that the parties came by their attornies ; that the jury tried the issue joined, and found a verdict in favor of the plaintiff; and " the reasonable inference is, that they only came, who had made up an issue to be tried by the jury." Such was the decision of this Court in Catlin, Peeples & Co. v. Gilder's executor and executrix, at this term. This being the law, as applicable to the case before us, it is clear, that there is nothing in the transcript from Mississippi, to estop the defendant from

denying his amenability to the Court of that State, which rendered the judgment against him.

In considering the pleas demurred to, we have not inquired whether they are all good; such an inquiry is unnecessary, as it is enough if one of these pleas presents an available defence; and the second plea at least, is unobjectionable.

In respect to the exclusion of the exemplification, under the plea of *nul tiel record,* it may be said, that the trial of the issue upon that plea, was wholly unnecessary, and in fact, irregular. The plaintiff, upon leave being given him to reply to the pleas to which his demurrer was sustained, declined doing so, and the proper course was to consider the truth of the pleas as admitted, and have rendered judgment for the defendant. No possible injury could have resulted from the exclusion of the exemplification, under the circumstances, and the plaintiff oannot be allowed to allege it as error.

This view is decisive to show that the judgment must be affirmed.