## GOODRICH vs. GREEN.

*Fourth Judicial District Court, August,* 1857.

### FOREIGN JUDGMENTS—SERVICE OF PROCESS.

The Act of Congress providing that judicial records of one State shall have faith and credit in all courts within the United States, does not preclude inquiry into the jurisdiction of the courts where they are rendered.

Unless the court, when judgment was rendered, obtained jurisdiction of the person of defendant it is of no efficiency in this State.

The facts are fully reported in the opinion, the cause having been tried by the Court.

*Wade & Flower*, for plaintiff.

*Thompson & Irving*, for defendant.

HAGER, J.   This action, according to the complaint and record evidence, is brought to recover the amount due upon a judgment obtained by plaintiffs on the 5th of March, 1855, in the Sixth District Court of New Orleans, Louisiana, against "A. P. Green, John McGehen and Seddall, Green & Co., *in solido*." Defendant by his answer, among others, makes the following defenses:   First—*Nul tiel record.* Second—He was not served with process in, and had no notice of the suit in which judgment was rendered; nor did he appear by attorney or otherwise in defense of the same.

The petition of plaintiffs, as disclosed by the record, states that the firm of Siddall, Green & Co., was composed of A. P. Green & *John McGeehee;* the citation, (process for appearance,) was issued February 3d, 1855, and was served by the sheriff, as appears by his return, on "defendants, through J. O. *Magee* one of the firm, personally," and defendants having made no appearance or answer, default and judgment was entered.   There is some inaccuracy in the record that cannot well be explained.   The service of the citation appears to have been made on J. O. *Magee*, as one of the firm, the petition gives the name as *John McGeehee*, and the judgment is entered against *John Mc-Geehen;* yet, I suppose one and the same person is intended to be mentioned.   Now, although under the law of Louisiana the service of process upon one member of a firm, may be sufficient to give jurisdiction—yet, I think it questionable, if exception was made, whether a court under any system of jurisprudence, would have held the return of the sheriff sufficient evidence of service of the process upon the defendants mentioned in the petition.   The orthography is very different, and there is not *idem sonans* in the pronunciation.

It is also in proof that the defendant here sued arrived in the City of San Francisco about the 21st of December, 1854, and has not been beyond the limits of this State since that time.   I am of opinion that plaintiff cannot recover upon the record alone, and that judgment should be entered for defendant.

The Act of Congress made to carry out Section 1, Article iv. of the

Federal Constitution, providing that the judicial records of one State shall have the same faith and credit in all courts within the United States, as in the courts of the State whence they are taken, does not declare the effect of such judgments, nor preclude inquiry into the jurisdiction of the courts where they are rendered. By the record introduced, I think it doubtful if the court in Louisiana had jurisdiction of the person of either of the defendants in the original action, there is no proof or pretense that defendant Green was either served with process personally, or appeared in that suit. The court, therefore, had no jurisdiction of his person, and unless it obtained jurisdiction, both of the cause and the person, the judgment, as to him, has no efficacy in this State. Many of the authorities pronounce it a nullity.

Among the numerous decisions I will refer to the following: 7 New Hamp. 257, 11 New Hamp. 299; 1 Mass. 401-9, Mass. 462, 6 Pick. 354, 232, 4 Met. 333; 8 Cowen R. 292, 311, 6 Wend, 447 ; 4 Conn. 380; 6 Conn. 508. 17 Conn. 500; 7 Watts and Sear. 447, 2 McLean 473, 511, 2 McMullan 162; 3 Ala. 552, 4 Scam, 536, 3 Gilman 197; 13 Ohio 209. 6 Iredell 14.

A finding may be drawn for defendant according to the views indicated.