# Owings *et al.* v. Binford.

*Action for Damages Against Sheriff and Sureties on Official Bond.*

1. *Improperly sustaining demurrer to plea.*—The general rule is that injury results to the party against whom the error was made, when a demurrer is improperly sustained to a plea, and will operate a reversal; but, when it affirmatively appears that the party complaining has had, under the general issue or special pleas, all the benefits he could have had under the plea to which the demurrer was sustained, the error is not a cause of reversal.

2. *Service of summons on defendants.*—No valid judgment can be rendered against a party not before a court, and, on appeal, the record must reasonably show that the defendant was served or appeared. Where the record does not disclose the fact, inquiry must be addressed to the proper construction of the judgment entry.

3. *Construction of judgment recitals.*—The recitals of the judgment may be sufficient to bring in parties without service, and this construction will be placed upon them if necessary to preserve the verity of the record; but, if the recitals are consistent with the hypothesis that they did not appear, and the maintenance of the verity of the records does not require such construction, no intendment will be indulged in favor of the appearance.

4. *Case at bar.*—In the case at bar the name of each defendant is set out in the margin; the recitals are *"came the parties by attorneys;"* a judgment is rendered against all the defendants, *each being specially named in the judgment.* The necessary construction is that all appeared.

APPEAL from Pickens Circuit Court.

Tried before Hon. S. H. SPROTT.

This was an action brought by Daniel B. Binford, a minor, by his next friend, against W. P. Owings, sheriff of Pickens county, and J. M. Noland, J. H. Curry, Enoch Easterling, S. C. Nabers and H. B. Chappelle, sureties on his official bond, and sought the recovery of damages for the breach of the condition of said bond. The averments of the complaint are substantially that said sheriff, having in his hands a *Fi. Fa.* against Wm. H. Binford, the father of plaintiff, levied the same on the contents of a storehouse in Pickensville, in the possession of and belonging to the plaintiff, and against his protest; and after advertising the goods, sold them at public auction, by which wrongful conduct of said Owings the plaintiff was greatly damaged. The complaint further avers that the plaintiff is an emancipated minor. The record shows service of the summons and complaint upon W. P. Owings alone. The defendants filed five pleas to the complaint, the first and fifth

[Owings et al. v. Binford.]

denying the ownership of the property sold by the sheriff to have been in the plaintiff, and alleging that it belonged to the defendant in execution. The plaintiff demurred to these pleas, the court sustained the demurrer and the defendants excepted. The defendants then filed the plea of the general issue, and a number of special pleas, upon all of which issue was taken. The verdict was for the plaintiff, assessing his damages. The judgment of the court is that the plaintiff recover of said Owings, and each of his said sureties, naming them, the amount of damages assessed, together with costs. The defendants take this appeal and assign for error : 1. The action of the court in sustaining the demurrer to the pleas filed by defendant. 2. The sureties of Owings were never brought into court by being served with summons and complaint; nor were they legally before the court, that judgment could be rendered against them.

J. C. & W. F. JOHNSTON, and WATTS & SON, for appellants.

J. R. HINTON, J. B. and M. L. STANSEL, *contra.*

CLOPTON, J.—The appellant, Owings, separately assigns errors, relating exclusively to the ruling of the court in sustaining a demurrer to five special pleas, filed Feb. 2d, 1884. After the demurrer was sustained, Owings filed the plea of the general issue, and several special pleas, on each of which issue was taken, and on the issues thus taken the cause was tried. The only error, in this respect, insisted upon in the argument of counsel is, sustaining the demurrer to the fifth plea : and we may, therefore, consider the assignments of error, relating to the other pleas, as waived.—*Robertson v. Bradford,* 73. Ala. 116.

The complaint sets forth, that the plaintiff, who sues by his next friend, is an emancipated minor ; that the goods in controversy are his property, and were seized by the sheriff under an execution against William H. Binford. The fifth plea avers, that the plaintiff is the minor son of William Binford, the defendant in execution, who is entitled to his earnings and services, and that the goods were not the property of the plaintiff, but of his father, and liable to seizure under 'execution. The plea is a denial of material allegations of the complaint and casts on the plaintiff the burden of establishing, in the first instance, a *prima facie* case,—his ownership of the property and his emancipation. The first of the series of the special pleas last filed, and the fifth plea, to which the demurrer was sustained, raise and present, substantially the same issues.

The general rule is, when a demurrer is improperly sustained to a plea, the presumption of injury arises, and will operate a

[Owings et al. v. Binford.]

reversal, unless it appears by the record, that injury did not result to the party against whom the error was committed; but when it affirmatively appears, that the defendant has had, under the general issue or special pleas, all the benefits he could have had under the special pleas, to which the demurrer was sustained, the error is not a cause of reversal. Although the record does not show what evidence was introduced on the trial, it affirmatively appears that, the case was tried on a special plea presenting as fully the same defense, though it may be in different phraseology. In such case, no injury can result, and the determination of the question, whether the demurrer is properly or improperly sustained, is unnecessary.—*Rake v. Pope*, 7 Ala. 303; *Goggin v. Smith*, 35 Ala. 683; *Michem & Smith v. Moore*, 73 Ala. 542.

The assignments of error by the other appellants relate to the rendition of a judgment against them; and it is insisted, that it is not shown by the record, that they were brought into court by the service of summons, or that they appeared. The rule is conceded, that no valid, binding judgment can be rendered against parties, who are not before the court, either by actual or constructive service, or by appearance; and on appeal, the affirmative fact must be reasonably shown by the record. The record does not disclose, that any summons was ever issued, or served on either of the defendants, other than an acknowledgment of service by Owings. The inquiry, therefore, must be addressed to the proper construction of the judgment-entry. This can scarcely be regarded an open question with us. In *Gilbert v. Lane*, 3 Por. 267, it was held that the names of all the defendants being on the margin of the entry, all the defendants, thus named in the margin, appeared in the suit. In *Wheeler v. Bullard*, 6 Por. 342, it was held, that, after a discontinuance as to a party not served, if at the next term, the case is stated against all the defendants, naming each of them, followed by appearance by attorney, and the withdrawal of pleas, the necessity for the service of process is obviated. And in *Moore v. Emanuel*, 8 Por. 442, it was held, that an entry at the trial, term—"*came the parties by their attorneys*"—is sufficient evidence of appearance to dispense with actual service of process. But when the process issues against several persons, some of whom are served and others not, and only those served plead, a recital in the judgment-entry, that the parties came by their attorneys, the names of all the defendants not being set out in the margin, will be construed as having reference only to those, who were served, and who made up the issue. Some stress was laid on the fact, that the recital was the *parties*, and not the *defendants*, came.—*Catlin, Peebles & Co. v. Gilder*, 3 Ala. 536; *Puckett v. Pope*, 3 Ala. 552,

Without extending the review of the decisions, and without approving the generality of some of the expressions, it may be observed, that the principle deducible from them is : the recitals of the judgment may be sufficient to bring in parties without service ; and this construction will be placed upon them, if necessary to preserve the verity of the record and not inconsistent with the inference that they did appear ; but if the recitals are consistent with the hypothesis, that they did not appear, and the maintenance of the verity of the records does not require such construction, no intendment or presumption will, on error or appeal, be indulged in favor of the appearance.    *Hunt v. Ellison*, 32 Ala. 173, 207.

In the present record the name of each defendant is set out in the margin.    The recitals are, *"came the parties by attorneys ; plaintiff demurs to plea of defendants ; the demurrer is sustained ; the motion to dismiss is overruled, and plaintiff takes issue on pleas Nos. 1, 2, 3, 4, 5, 6 and 7, and the general issue, being joined, came a jury ;"* and after reciting that the jury returned a verdict for the plaintiff and assessed the damages, a judgment is rendered against all the defendants, *each being specially named in the judgment.*    The recitals, followed by the judgment rendered, are inconsistent with the supposition, that any of the defendants, named in the margin, did not appear ; and it is manifest, the verity of the record requires a contrary construction.    Otherwise, the record does not speak the truth, and the court has usurped jurisdiction, by submitting to the jury the rights of persons, who were not parties to the issue, and rendering judgment against them.    The entry leaves no room for construction, as to the parties, who appeared and made up the issue, and against whom the judgment is rendered, or for any inference of clerical *misprision.* The record more clearly shows an appearance, than in any of the cases referred to.

Affirmed.