Ex parte STATE ex rel. HAIN.   (2 Div. 932.)

*Supreme Court of Alabama.   June 14, 1928.*

I. Mandamus ⬅═3(2)—Mandamus is available only where there is no other adequate legal remedy.

Writ of mandamus is an extraordinary writ, to be issued only where there is no other adequate legal remedy.

2. Mandamus ⬅═4(1)—Mandamus will not be granted for purpose of review or as substitute for appeal.

Generally, mandamus will not be granted for the purpose of review, and is not available as a substitute for an appeal.

3. Mandamus ⬅═4(2)—Right to nonsuit after demurrer was sustained as to one defendant presented adequate remedy precluding mandamus (Code 1923, § 6431).

Code 1923, § 6431, authorizing a nonsuit for a review of rulings of trial court on pleadings, *held* to present an adequate remedy at law for

review of action of court in sustaining a demurrer as to one of parties to suit, so as to preclude the extraordinary remedy of mandamus.

Original petition of the State of Alabama, on the relation of J. B. Hain, as executor of the estate of W. Edward Moore, deceased, for mandamus to Hon. Thomas E. Knight, as Judge of the Circuit Court of Dallas County. Writ denied.

Hobbs, Craig & Brown, of Selma, for appellant.

Mandamus will lie in a case such as the present one where relator has no adequate remedy otherwise. First Nat. Bank v. Cheney, 120 Ala. 117, 23 So. 733. An appeal is not now available to relator. Code 1923, §§ 6078, 6083. Remedy by nonsuit and appeal is not available, because there are two defendants, against one of whom the cause is at issue and said remedy is only available when it may become necessary for plaintiff to suffer a nonsuit. Code 1923, § 6431.

B. F. Smith, of Birmingham, and Arthur M. Pitts, of Selma, amici curæ.

In order for mandamus to be awarded, the legal right of the relator to the performance of the particular act sought to be compelled must be clear and complete. Mandamus is not available as a substitute for an appeal or writ of error, and rulings as to the sufficiency of pleadings cannot be reviewed on mandamus. 38 C. J. 613, 626. The right to nonsuit and appeal is not limited to cases in which there is only one defendant. Code, § 6431.

GARDNER, J. Petitioner brought suit against the sheriff of Dallas county and the surety upon his official bond. Demurrer to the complaint was interposed by each. The demurrer of the defendant sheriff was overruled, and that of the surety sustained. There were numerous assignments of demurrer, but the opinion of the court discloses the view of the trial judge there could be no recovery against the surety under the complaint as presently framed.

[1, 2] Petitioner by this mandamus proceeding seeks a review of the ruling sustaining the demurrer of the surety, and the inquiry arising at the threshold of the consideration of this petition is whether or not the remedy by mandamus is available. That it is an extraordinary writ to be issued only where there is no other adequate legal remedy is not questioned. It is also settled by uniform line of authorities that it is a rule of general application that mandamus will not be granted for the purpose of review, and is not available as a substitute for an appeal. 38 Corpus Juris, 570; Johnson v. Westing-

house, etc., Co., 209 Ala. 672, 96 So. 884. It follows, of course, likewise, that as a general rule "rulings as to the sufficiency of pleadings cannot be reviewed on mandamus." 38 Corpus Juris, 626.

It appears from the averments of the petition that defendant sheriff has no property out of which a judgment could be satisfied. and that, from a standpoint of practical result, the suit is one against the surety.

[3] We are of the opinion our statute authorizing a nonsuit for a review (among other rulings) of rulings of a trial court upon the pleadings, presents to petitioner an adequate remedy at law, such as to deny to him the extraordinary remedy here sought. Section 6431, Code of 1923; Bush v. Russell, 180 Ala. 590, 61 So. 373; Duncan v. Hargrove, 22 Ala. 150.

Counsel for petitioner recognize the availability of this statute under ordinary circumstances as applicable to this cause, except for the mere fact that, as to defendant sheriff the demurrer being overruled, plaintiff could proceed to trial, and entertained some apprehension that on this account it may be held that a nonsuit had not "become necessary" under said statute. The apprehension is unfounded. The petition discloses that for practical purposes the suit is against the surety, and the fact that plaintiff prefers to have the question of liability of such surety first determined rather than press for a judgment against the defendant sheriff alone is of no concern of the courts; that is a matter resting solely with the plaintiff, and that he may suffer a nonsuit and bring the question of the ruling on demurrer as to the defendant'surety, we think, is clear. Bush v. Russell, supra.

Such was the course pursued in Peinhardt v. West, 212 Ala. 83, 101 So. 736, which upon the question here involved bears a striking analogy to the instant case, where the adverse rulings superinducing the nonsuit appear to have affected the question of surety liability only, and where the right to review these questions in the manner there indicated was not questioned by counsel or the court.

The remedy of plaintiff is, in our opinion, as above indicated, and the petition for mandamus will be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.