(137 So. 452)

**ROGERS v. CENTRAL OF GEORGIA RY. CO.**

4 Div. 688.

Court of Appeals of Alabama.
Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

O. S. Lewis, of Dothan, for appellant.

490

Farmer, Merrill & Farmer, of Dothan, for appellee.

RICE, J.

Appellee, it seems, did a lot of things to appellant.

According to separate counts of his complaint, filed in the court below, it negligently, upon one date, killed his "Jersey heifer"; upon another date, and at perhaps another place, it so killed his "Duroc sow"; upon another date, it so killed his "boar hog and one Duroc sow"; upon another date, and at perhaps a still different place, it so killed his—another—"Duroc sow"; upon the date last above referred to, and at perhaps a different place, it so killed his "sheep" (singular); upon another date, it so killed his (still another) "Duroc sow and three pigs"; upon another date, it so killed his "bay mare mule"; upon the last-named date, and at perhaps still another place, it so killed his "black saddle horse"; upon another date, it so killed still another "Duroc sow" of his; upon another date, and at another place, it so destroyed, by communicating fire, etc., "two acres of blue berry bushes" belonging to appellant.

The destruction of these "two acres of blue berry bushes" was made the subject of three separate counts of appellant's complaint.

Upon appellant's complaint, as indicated above, unchallenged by demurrer, and appellee's plea of not guilty, the parties went to trial.

The court sustained appellee's objections, separately, to six questions propounded by appellant's lawyer to appellant, while testifying as a witness in his own behalf, which questions had for their object the bringing out of testimony relative to appellee's setting fire, to, etc., the "two acres of blue berry bushes."

In the view we hold, we are not concerned with whether or not the court ruled correctly in this regard, so we express no opinion one way or the other.

The trial proceeded to judgment, appellant getting the better of the situation, with regard to a number of counts in his complaint, as indicated by the verdict of the jury, upon which the judgment in his favor for the total amount so found was rendered, specifically finding that he was entitled to damages as for the negligent killing, etc., by appellee, etc., of his "Jersey Heifer," "Duroc sow," "Duroc sow and three pigs," "bay mare mule," "black saddle horse," and another "Duroc sow," and awarding him total damages in the sum of $491.37.

The judgment entry recites that, "before the jury retired, the plaintiff (appellant) made known to the court that he would take non suit with bill of exceptions as to Counts 10, A. as amended, and B. as amended [the three counts, we interpolate, claiming damages as for the destruction, etc., of the "two acres of blue berry bushes" above referred to] on account of adverse rulings of the Court, and it is ordered and adjudged by the Court, that non suit be and the same is hereby entered as to these Counts."

The said judgment entry, however, continues to recite that the trial proceeded to final judgment in favor of appellant for the sum of $491.37—all as indicated hereinabove.

There appears in the record a motion, by appellee, to "retax the costs in the case," together with an order or judgment partially granting same. Code 1923, § 7247.

The transcript contains a "Supersedeas Bond" in the amount of $150, executed by appellant, which recites that it is given to supersede a judgment of $55.45 (apparently the amount of the costs "retaxed," above, against appellant), and is perhaps meant to constitute a method of taking an appeal from the judgment or order, "retaxing the costs," above, under the provisions of Code of 1923, § 7247, Code 1923, § 6101.

The transcript likewise contains, immediately following the above-mentioned "Supersedeas Bond," a "bond for costs," which recites that it is given to secure the "cost of appeal," on a stated appeal from "a judgment of the Circuit Court of Houston County, Alabama, made and entered on to-wit Sept. 11, 1929" (the day of the trial, and judgment in appellant's favor, in this case, we remark). This "bond for costs," we take it, is meant to be appellant's method of taking an appeal from said judgment in his favor. Code 1923, § 6101.

So we are confronted with the proposition of a plaintiff (appellant here) seeking, if we understand it, to go on through with the trial of his case, but, because he did not like the trial court's ruling about his "blue berry bushes," taking a nonsuit as to the counts claiming damages as for their destruction, and undertaking to appeal under the benefit of Code 1923, § 6431, the section which provides that a plaintiff suffering a nonsuit, etc., may appeal, etc., with or without a bill of exceptions, etc.

It appears that a plaintiff can take a nonsuit as to only a part, or as to certain counts, only, of his complaint. 18 C. J. 1162.

But we cannot find where, when he elects to do this, he can proceed with the trial of his case, and get the benefit of the provisions of Code of 1923, § 6431, as to an appeal he elects to prosecute from the final judgment.

In fact, we hold he cannot do it. As was said by our Supreme Court, in the opinion in the case of Duncan, Adm'r, v. Hargrove et al., 22 Ala. 150: "He cannot split up his cause, and try one portion of it at one time and place, and another portion at another." And see Ex parte State ex rel. Hain, 217 Ala. 702, 117 So. 418, and authority cited.

■ Our conclusion is that, if this appeal be treated as an appeal from the order or judgment "retaxing the costs," hereinabove referred to, it must be affirmed because of a failure to assign and argue, etc., as error, said order or judgment.

If it be treated as an appeal under the authority of Code 1923, § 6431, it must be affirmed as for a failure to comply with the terms of said Code section, in that no "nonsuit," as that term is therein used, was taken by him.

So the judgment appealed from, whichever it is, is hereby affirmed.

Affirmed.