# Wilson *v.* The State.

*Indictment for Gaming.*

1. *Gaming; sufficiency of complaint.*—A complaint which charges that the defendant "unlawfully did bet at a gaming table, for gaming," &c., sufficiency charges a violation of section 4057 of the Code of 1886, to warrant a conviction thereunder.

2. *Same; evidence as to what "poker chips" represent.*—On a trial for betting at a gaming table, one who has testified that he saw defendant and others with cards in their hands, sitting at a poker table on which there were "poker chips," which defendant put in his pocket, is competent to testify whether such chips, taken from the defendant and shown to witness, did not usually represent different denominations of money in gambling; it being the province of the defendant, on cross-examination, to show the source and extent of the witness' knowledge.

3. *Trial and its incidents; presumption on appeal.*—Where the bill of exceptions in a criminal case does not purport to set out all the evidence, it will be presumed on appeal that there was other and sufficient evidence to have authorized a conviction, even though the evidence set out may not have justified such judgment.

APPEAL from the County Court of Bibb.

Tried before the Hon. N. H. THOMPSON.

The appellant, Charles Wilson, was tried and convicted on a prosecution for gaming. The charge, as contained in the complaint, made before a justice of the peace and returnable to the county court, is sufficiently stated in the opinion.

On the hearing of the cause the State introduced as a witness one J. W. Tatum, who, being duly sworn, testified, among other things, as follows: That he saw Charles Wilson with others, in Bibb county and within twelve months before the commencement of this prosecution, in the house of one Howard Edwards in the corner of the room sitting at a table. Some of them had cards in their hands and poker chips lying upon the table, and when he went in Charles Wilson put the chips in his pocket. Witness further testified that he had seen others playing cards in the house. Witness was asked

if chips like those shown witness, which witness had taken from defendant, did not usually represent different denominations of money in gambling. Defendant objected to the question, unless the witness could show how he knew those chips represented money. The court overruled the objection, to which ruling the defendant excepted. The witness answered, they generally represented money. The defendant again objected on the grounds that the witness was only testifying from a conclusion of his. The court again overruled the objection, to which ruling the defendant excepted. Upon cross-examination the witness said he did not know whether the chips represented money or not at that time, or whether or not the table was kept for gambling purposes.

The cause was tried by the court without the intervention of a jury, and judgment was rendered finding the defendant guilty as charged. From this judgment the defendant prosecutes the present appeal.

CATO D. GLOVER, for appellant.—The witness for the State could not testify as to whether or not the poker chips represented different denominations of money in gambling.—*Bibb v. State*, 83 Ala. 84; *Thompson v. State*, 99 Ala. 173.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was arrested by virtue of a' warrant issued upon an affidavit made before a justice of the peace, made returnable to the county court. The complaint upon which the defendant was tried and convicted, was the affidavit made before the justice of the peace. It charges that the defendant "unlawfully did bet at a gaming table for gaming," &c. The statute under which the defendant was prosecuted, reads as follows: "Section 4057. Betting at cards, dice, &c. Any person who bets or hazards any money, bank notes, or other thing of value at any gaming table prohibited by section 4055," &c. The title to section 4055 is "Keeping gaming table." Section 4204 of the Code of 1886 (4702 of Code of 1876) provides, that it is sufficient to designate the misdemeanor by name in the complaint. *Miles' Case*, 94 Ala. 108. The form for an indictment

preferred under section 4057 is ''A. B. bet at a gaming table for gaming.'' We hold the affidavit in the case was sufficient.

A witness for the State, upon examination having testified to seeing the defendant and others sitting at a table with cards in their hands and ''poker chips'' lying upon the table, which defendant put in his pocket, was asked if chips like those which defendant put in his pocket, and shown witness, did not usually represent different denominations of money in gambling. This question was objected to by the defendant. The court overruled the objection and defendant excepted. The witness answered, ''They generally represent money.'' We are of opinion the question and answer were proper. It was the province of the defendant to show by cross-examination, the source and extent of witness' knowledge. The question called for a fact relevant and material to the issue. The bill of exceptions does not purport to set out all the evidence. While the evidence in the record may not have justified the finding of the court, we must presume there was other and sufficient evidence to have authorized the conclusion of the defendant's guilt.

Affirmed.