(124 So. 393)

**JAMES v. STATE.   (5 Div. 745.)**

Court of Appeals of Alabama.   June 29, 1929.

Rehearing Denied Oct. 8, 1929.

See, also, ante, p. 225, 123 So. 291.

Paul J. Hooton, of Roanoke, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.   This prosecution was commenced upon the affidavit of one J. C. Berry before a justice of the peace of that precinct; the warrant of arrest was made returnable to the county court of said county. Appellant was tried in the county court upon said affidavit and warrant, was convicted, and appealed to the circuit court. He was there tried by a jury upon a complaint

filed by the solicitor. From a ·judgment of conviction in· the circuit court, this appeal was taken.

■■ It is here insisted by appellant that, under the process shown by the record, the circuit court· was without jurisdiction to try and determine this case, and as a result its judgment is coram non judice and void and will not support an appeal. The record fails to sustain this insistence. It appears therein that, as hereinabove stated, the warrant of arrest was made returnable to the county court. This the law permits. Section 3815, Code 1923. In the county court the trial of this appellant was had, he was convicted, and it affirmatively appears from the judgment of conviction therein rendered that: "Defendant appealed to the Circuit Court." It is shown by the record that no appeal bond was executed, but the defendant remained in jail pending his appeal to the circuit court. The transcript of the proceedings in the county court, appearing of record, was sufficient to confer jurisdiction upon the circuit court.

■■ It is next insisted that the complaint filed in the circuit court by the solicitor was a departure from the charge or accusation contained in· the original affidavit, and that the court erred in overruling appellant's motion to strike the complaint upon these grounds. This insistence is also without merit. In affidavits of this character the offense complained of may be designated merely by name or by some other phrase which in common parlance designates it. Code 1923, § 3815. Same particularity as in describing offenses by indictment is not required. See, also, section 3384 of the Code 1923.

A question of fact for the determination of the jury is presented by the evidence in this case. It appears to have been fairly submitted to the jury, and we discover no error of a reversible nature in any of the rulings of the court upon the trial.

The record is regular, and, no error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.