[McDaniel v. Cain.]

# McDaniel *v.* Cain.

*Malicious Prosecution and False Imprisonment.*

(Decided Nov. 19, 1908.   48 South. 52.   Rehearing denied
Dec. 24, 1908.)

1. *Affidavit. Disposing of Property on Which Another Has a Lien.*
—An affidavit charging that affiant had probable cause for believing
and did believe that within ten months before the filing of an affi-
davit, the defendant (plaintiff here) removed and sold or disposed of
lint cotton to hinder and defraud affiant, on which affiant held a
landlord's lien for advances during the year 1906, with the knowl-
edge of the existence thereof, which offense had been committed
within the county, etc., is not void.

2. *False Imprisonment; Pleas.*—Pleas, to a false imprisonment
count in the complaint, which set out the affidavit and the warrant,
are not demurrable as for a failure to show that plaintiff was ar-
rested for what was legally a criminal offense on a valid warrant, or
because the affidaviit attempted to charge an offense in the alterna-
tive.

3. *Affidavit; Defects.*—Where an affidavit designated the offense
according to the statutory caption the fact that an indictment similar
to the affidavit would not have been good against demurrer, does not
render the affidavit void.

4. *Appeal and Error; Harmless Error; Ruling on Pleading.*—
Where plaintiff was under the necessity of proving the averments
attacked by demurrer in order to establish a prima facie case, which
he did without dispute, it was harmless error to sustain a demurrer
to such complaint.

5. *Same.*—If not entitled to recover on the merits plaintiff could
not recover for counsel fees, and where plaintiff was properly dis-
allowed any recovery, the sustaining of a demurrer to the complaint
so far as it sought to recover counsel fees was harmless.

6. *Landlord and Tenant; Lien; Who Entitled.*—A mere rental
agent of the owner of the land is not entitled to a lien on the crops
for advances made to a tenant.

7. *Malicious Prosecution; Wrongful Prosecution.*—Where defend-
ant did not have a landlord's lien against plaintiff for advances
made, a prosecution against plaintiff by the defendant for an al-
leged wrongful sale of the crop to the prejudice of defendant's lien,
was wrongful.

8. *Same; Malice; Question of Fact.*—Where defendant advanced
certain moneys to plaintiff and believed that he had a lien on the
crop therefor, and instituted a prosecution against the plaintiff for
the alleged wrongful sale of the crop to the prejudice of his lien,

[McDaniel v. Cain.]

whether or not he was actuated by malice in so doing, was a question of fact to be determined by the court sitting without a jury.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Frank McDaniel against James F. Cain for malicious prosecution and false imprisonment. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint was in the following language: "(1) Plaintiff claims of defendant $500 damages for maliciously and without probable cause therefor causing plaintiff to be arrested under a warrant issued by J. C. Hogan, a justice of the peace, on the 14th day of December, 1906, on a charge of removing and selling or disposing of lint cotton for the purpose of hindering, delaying, or defrauding said Cain, on which said Cain held a landlord's lien for advances made to said McDaniel during the year 1906, with the knowledge of the existence of said lien, which charge, before the commencement of this action, has been judicially investigated and said prosecution ended and plaintiff discharged. (2) Plaintiff claims of defendant $500 damages for causing plaintiff to be arrested and imprisoned without probable cause therefor (and then follows the charge as set out in count 1.) (3) Plaintiff claims of defendant the like sum of $500 damages for unlawfully causing plaintiff to be arrested against the will of plaintiff (here follows the description of the cause of arrest as set out in count (1) for one day or part thereof, to wit, on December 14, 1906. And plaintiff alleges that, by reason of said arrest and deprivation of his liberty, plaintiff incurred a liability of $50 in the employment of an attorney, and said $50 is claimed as special damages; that plaintiff was by reason of said arrest compelled to attend court and lost the fruits of his labor for one day, which he claims as special damages; that by reason of said charge made against him,

[McDaniel v. Cain.]

and said arrest, plaintiff was injured in his good name, suffered humiliation and mental pain." (4) Same as 1, with special damages alleged in count 3 added. (5) Same as 2, with special damages alleged in count 3 added. This complaint was amended by adding to each count thereof the following: "That said prosecution and proceedings were had before the said J. C. Hogan, who was the justice of the peace at the time in and for precinct No. 10, Morgan county, Ala." Counts 1 and 2 were amended by adding to each of the counts the special damages claimed in count 3. Counts 3 and 4 were amended by adding the following: "That plaintiff procured an attorney at law to defend him against said charge, for which he incurred a liability for a reasonable attorney's fee, which is alleged to be $50, as hereinabove set out."

The general issue was interposed to all of these counts. To counts 2, 3, and 5, separately and severally, the following pleas were interposed: "That on the 11th day of December, 1906, defendant made before J. C. Hogan, justice of the peace, in Morgan county, Ala., an affidavit in substance and effect as follows (omitting the caption): 'Before me, J. C. Hogan, a justice of the peace in and for said county, in said state, this day personally appeared James F. Cain, and made oath that he had probable cause for believing and does believe that within 12 months before the filing of this complaint that one Frank McDaniel did remove and sell or dispose of lint cotton for the purpose of hindering, delaying, or defrauding affiant, on which affiant held a landlord's lien for advances made to said Frank McDaniel during the year 1906, with the knowledge of the existence thereof, which said offense has been committed in said county, against the peace and dignity of the state of Alabama.' Signed and sworn to, etc. Upon which affidavit the said

[McDaniel v. Cain.]

J. C. Hogan issued the following writ (omitting the caption) : 'To Any Lawful Officer of the State of Alabama : Complaint on oath having been made before me that the offense of removing and selling cotton on which another held a landlord's lien has been committed, and accusing Frank McDaniel thereof, you are therefore commanded forthwith to arrest Frank McDaniel and bring him before me. Dated the 11th day of December, 1906. J. C. Hogan, J. P.' Upon which warrant the plaintiff was taken and retained in custody by W. A. Culver, constable; his bail being fixed at $300." Plea 3 was a duplicate of plea 2.

Demurrers were interposed to pleas 2 and 3, because "it is not shown that plaintiff was arrested for what is legally a criminal offense upon valid process. (2) The affidavit is void, in this: It attempts to charge the commission of an offense in the alternative, and each alternative does not charge an indictable offense. (3) Disposing of lint cotton for the purpose of hindering, delaying or defrauding a person who holds a landlord's lien thereon, with the knowledge of the existence thereof, as alleged in said affidavit, is not a violation of the statute, and is not a criminal offense. (4) Said affidavit is void, for that it charges the plaintiff, McDaniel, with removing and selling or disposing of the property therein mentioned, and the alleged disposing of said property as therein alleged does not constitute a criminal charge. (5) It is not shown that said prosecution was what is legally a criminal offense upon valid process. (6) Said writ of arrest is void in this: The offense therein set forth does not aver or show the commission of a criminal offense," etc.

S. A. LYNNE, for appellant. Neither of the counts were subject to the demurrers interposed.—*O'Neal v. Mc-*

*Kenna,* 116 Ala. 616; *Ex parte Harris,* 52 Ala. 94; *Raglanrd, et al. v. Wynn,* 37 Ala. 35. Plea No. 2 of justification was insufficient and demurrer to it should have been sustained.—*Hornsby v. The State,* 94 Ala. 55; *Johnson v. The State,* 32 Ala. 583; *Rayford v. The State,* 7 Port. 101; *Burden v. The State,* 25 Ala. 60; 12 Cyc. 290. Demurrer to plea 3 should have been sustained.—*Ellison v. The State,* 69 Ala. 4; *Cobb v. The State,* 100 Ala. 21; *Norris, et al. v. The State,* 50 Ala. 126. On the above authority the amended plea 3 was subject to the demurrers interposed. The court erred in the judgment rendered.—*Gerson v. Norman,* 111 Ala. 423.

E. W. GODBEY, for appellee. The intent need not have been alleged in the affidavit.—*Williams v. The State,* 88 Ala. 84. Defects may be suplied by inference.—*Crosby v. Hawthorne,* 25 Ala. 223. Omissions are not fatal. —*Johnson v. The State,* 73 Ala. 23. Neither value nor ownership need be alleged.—*Williams' Case, supra; Bradford v. The State,* 134 Ala. 141; *Adams v. Coe,* 26 South. 653; *Ewing v. Samford,* 19 Ala. 611; *Heard v. Harris,* 68 Ala. 45; *Field v. Ireland,* 21 Ala. 240; *Rhodes v. King,* 52 Ala. 273; *Kellar v. The State,* 123 Ala. 94; *Gandy v. The State,* 81 Ala. 71. On the above authorities, the particulars requisite to an indictment are not necessary in an affidavit. Designation according to common parlance or designation according to the name given in the books is sufficient.—Authorities supra; *Campbell v. The State,* 43 South. 743. The facts show no false imprisonment. Counsel discusses the other assignments of error, but without citations of authority. He insists that attorney's fees are not recoverable and cites.—*Loveman v. Bir .R. L. & P. Co.,* 43 South. 416. Counsel further insist that plaintff is not entitled to recover in any event.—*Bullock Co. v. Coleman,* 136 Ala. 610; *Cross v. Eslinger,* 133 Ala. 409.

[McDaniel v. Cain.]

ANDERSON, J.—The affidavit, as set out in the pleas, both before and after amendment, was not void, and said pleas were not subject to the demurrer interposed, as they related only to the false imprisonment counts of the complaint. The affidavit designated the offense as per the statutory caption, and was not void. The fact that an indictment similar to said affidavit would not be good against a demurrer did not render the said affidavit void.

The action of the trial court in sustaining the demurrer to the original complaint was clearly innocuous to the plaintiff, as he had to prove the very averment complained of in the demurrers in order to make out a prima facie case, which he did without dispute.

Conceding that the court erred in sustaining the demurrer to so much of the complaint as sought to recover counsel fees, the action in this respect was innocuous as the court properly disallowed a recovery by the plaintiff. He could clearly get no attorney's fees if he did not show a right to recover anything.

It is true the testimony of Spencer, one of the owners of the land, showed that the defendant was a mere rental agent, rather than a tenant in chief, and that McDaniel was not his (Cain's) tenant, and he therefore had no lien on the crops for said $20.24 advanced. There was also a judgment, from which the defendant took no appeal, adjudging that the cotton raised on the land was not subject to a landlord's lien in favor of the defendant, Cain. This being true, the prosecution was wrongful, yet it was a question of fact as to whether or not it was maliciously instituted.—*Goldstein v. Drysdale,* 148 Ala. 42 South. 744; *Alsop v. Lidden,* 130 Ala. 548, 30 South. 401. The trial court, sitting as a jury, could well infer from the evidence that the prosecution was not malicious. It was not disputed that the defend-

ant advanced the sum claimed, and it is evident that he thought he had a lien on the crop. It is true that ignorance of the law excuses no man for crime, or for an ordinary civil wrong; but in a civil action for malicious prosecution an honest belief in the existence of a right, though it does not in fact exist, may purge the prosecution of malice and defeat a recovery. The existence of malice being a question of fact, we are not prepared to hold that the court, sitting as a jury, erred in the conclusion reached.

The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.


