(135 So. 405)

### JAMES v. STATE.
### 4 Div. 747.

Court of Appeals of Alabama.
May 19, 1931.

Wm. M. Russell and H. N. Segrest, both of Tuskegee, for appellant.

L. A. Farmer, of Dothan, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

This appellant and his wife, Mattie James, were indicted, charged with the offense of embezzlement and grand larceny. The persons thus accused were jointly tried, resulting in the acquittal by the jury of Mattie James and the conviction of this appellant of the offense of grand larceny. He was duly adjudged guilty, and sentenced to serve an indeterminate term of imprisonment in the penitentiary of not less than two years nor more than three years.

The evidence, without dispute, disclosed that the time of the commission of the offense complained of in the indictment, if committed at all, was during the month of June, 1925.

These appellants were first indicted by the grand jury on January 13, 1928; the defendants were arraigned on this indictment on March 12, 1929. When thus arraigned the following judgment was made: "March 12, 1929—In this case, it appeared from the evidence that there was a variance between the allegations of the indictment and the proof in this, the name of the party alleged to have been injured was L. J. McFarland, while her true name is L. J. McFauthur or L. J. McFathur, and the defendant not consenting to allow the indictment to be amended, the prosecution was dismissed before the jury retired, and another indictment was ordered to be preferred by the next Grand Jury."

The foregoing order was made pursuant to the provisions of sections 4550 and 4551 of the Code 1923. These sections are as follows:

"4550. An indictment may be amended, with the consent of the defendant, entered of record, when the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated is incorrectly described.

"4551. If the defendant will not consent to such amendment, the prosecution may be dismissed at any time before the jury retires, as to the count in the indictment to which the variance applies; and the court may order another indictment to be preferred at the same or at a subsequent term."

Pursuant to the foregoing order of the court, the grand jury of said county, on April 19, 1929, returned a new indictment charging the same two defendants with the identical offenses charged in the first indictment, in which, however, the name of the alleged injured party was correctly stated, thus curing the defect in the first indictment.

Upon the trial of this case, the state, in order to avoid the running of the statute and to show that the prosecution was begun within the three-year period as fixed by the statute, introduced in evidence the first indictment by permission of the court and over the objection and exception of defendants. This ruling of the court is the first insistence of error urged upon this appeal. This earnest contention of appellant cannot be sustained. The entries of the court in this connection meet every requirement of the statutes, supra, and the manner of the introduction in evidence of the former indictment, coupled with the oral testimony, were all allowed by the court without error. There could be no uncertainty as to the identity of the case, in each of the indictments, and from the manner of introduction shown upon this trial there is no merit in the insistence to the effect "there being no connecting links shown between the first indictment and the minute entry and the second indictment." It would, we think, be difficult to conceive of a more thorough compliance with the statutes than is here shown.

324

There was no error in the court's ruling in connection with the testimony of state witness Herrington. No controversy prevailed as to the matters inquired about. All the evidence on the question was without dispute that appellant made effort or undertook to secure the money in question from the bank. He so testified, and no injury inured in permitting witness Herrington to testify that appellant "wanted to know about getting Aunt Lou's (Mrs. McFather's) money" from the bank, which witness Herrington had formerly been looking after for her.

The evidence is without dispute that appellant and his wife went with Mrs. McFather, the alleged injured party, to the bank, and that she drew therefrom the money she had in the bank on deposit amounting to $362.75, and that, after she had so drawn out her money, she turned it over either to this appellant or his wife, and all three of them returned to the home of appellant, where Mrs. McFather was at the time making her home, and upon arriving home the money was returned to Mrs. McFather, who put the money in a pocketbook and put the pocketbook in a chest in her room and locked the chest and put the key in her pocket. It is not contended by the state that up to that time a crime had been committed. The offense complained of in the indictment is predicated upon the testimony of Mrs. McFather, wherein she states: "I put in the pocketbook all the money that I got out of the bank, about $300.00, and put the pocketbook in the chest. A few days after that the defendants came to me and wanted to borrow $50.00. I said I did not want to loan it. They said they would pay me more interest than anybody else, and Mr. James said, 'I have a good crop, we will pay you more interest than anybody else will pay you.' I let them have $20.00. I let both of them have it. I got it out of the pocketbook in the chest. Mrs. James went in there with me to get it. I gave her the $20.00. I put the pocketbook with the balance of the money in it back in the chest, and I have never seen that money from that day to this. That was in 1925."

The paramount question in this case therefore was, Who took the money from the chest where Mrs. McFather had put it and locked it up? There was some evidence tending to show that shortly after the money had been put in the chest this appellant, by certain expenditures and by other facts and circumstances, was known to have been in possession of money; but he strenuously denied having taken the money from the chest or that he had it in his possession.

Over the objections and exceptions of defendant, the court permitted the state to offer as original evidence testimony by several witnesses to the effect that this appellant told them that he (appellant) had Mrs. McFather's money in his possession. All this testimony, under the issue of facts in this case, was highly incriminating and in the nature of confessions by the defendant that he had the money; but no semblance of a predicate was laid, nor was there any attempt on the part of the state to show primarily that such statements by the accused were voluntary or from volition. The numerous objections and exceptions in this connection were predicated upon these specific grounds, although a mere general objection would have sufficed. Poarch v. State, 19 Ala. App. 161, 95 So. 781. The court ruled adversely in each instance.

In McAlpine et al. v. State, 117 Ala. 93, 100, 23 So. 130, 131, the Supreme Court said: "It has been repeatedly held, that all confessions are prima facie involuntary, and in order to render them admissible it must be shown prima facie that they were voluntarily made, without the appliances of hope or fear, without extraneous inducement or pressure in either of those directions from other persons; and this is a condition precedent to their admissibility." In the absence of proper predicates for the admission in evidence of the alleged confessions of the accused, a general objection should be sustained. See, also, Carr v. State, 17 Ala. App. 539, 85 So. 852.

For the error in the rulings of the court in overruling the numerous objections to the admission of evidence as to the confessions of the accused, above discussed, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.