## GLENN v. STATE.
### 5 Div. 934.

Court of Appeals of Alabama.
Dec. 18, 1934.

Reynolds & Reynolds, of Clanton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution was begun by affidavit of one W. A. Norris before J. Z. Mims, clerk of the circuit court, who issued a warrant thereon, made returnable to the circuit court of Chilton county. Under a local law this procedure is permissible. Loc. Acts 1923, p. 64. The affidavit was drawn under section 3815 of the Code 1923, and charged that "J. R. Glenn, whose name is to affiant otherwise unknown, did operate an automobile upon a public highway in Chilton County, Alabama, while under the influence of intoxicating liquors." The affidavit also contained "Count Two," which was properly eliminated by the court's ruling upon demurrer to this count.

In prosecution of this character, that is to say, when based upon affidavit and warrant, the offense charged may be designated by name, or by some other phrase which in common parlance designates it. This, by virtue of the statute, section 3815, Code 1923. If, however, this is not done and the party commencing the prosecution undertakes to set out the facts constituting the offense, its constituent elements, he must do so with the same particularity as is required in an indictment by a grand jury. Miles v. State, 94 Ala. 106, 11 So. 403.

In all criminal prosecutions, the name of the person charged must be properly stated. In other words, the process, indictment, or affidavit and warrant, upon which a person is put to trial in a criminal prosecution, must be certain as to the person charged; but where his name is unknown, it may be so alleged, and when it is so alleged, a plea in abatement will not be in point. If it should develop upon the trial that the allegation "whose name is otherwise unknown" is untrue, and that the true name of the accused was known to the grand jury, in cases of indictment, or was known to the affiant upon whose affidavit the prosecution rested, a fatal variance would appear, and, if taken advantage of in a proper manner, a conviction on such process should not be allowed. Butler v. State, 17 Ala. App. 511, 85 So. 864.

As stated, in the instant case, the defendant was named in the affidavit upon which the prosecution rested as "J. R. Glenn whose name is to affiant otherwise unknown," and the evidence discloses without dispute or conflict that at the time of making this affidavit the affiant had been told and therefore knew that the name of the accused was John Glenn. Appellant made this insistence in the lower court, also requested two written charges on the point of variance. Refused charges C and D should have been given.

Since this case must be reversed for the errors indicated, we refrain from an extended discussion of other insistences of error in connection with certain exceptions reserved to portions of the court's oral charge. The undue stress and emphasis of the court as to the wholesomeness, etc., of the particular statute which this appellant was charged with having violated may or might have been construed by the jury to the prejudice of the accused who under the law was entitled to a fair and impartial trial free from all bias or personal reaction of the trial judge. No such question will probably arise upon another trial, if such trial is had, hence this point of insistence need not be further considered.

Reversed and remanded.