4 So.2d 437

### Ex parte McELROY, Judge, et al.
### Ex parte KELLEY.

#### 6 Div. 893.

Supreme Court of Alabama.

July 29, 1941.

John T. Batten, of Birmingham, for petitioners.

Horace C. Wilkinson, of Birmingham, opposed.

GARDNER, Chief Justice.

One E. E. Kelley was put upon trial in the Recorder's Court of Homewood, Alabama, and duly convicted upon the following affidavit:

"The State of Alabama

"Jefferson County

"The Recorder's Court of Homewood

"Personally appeared before me, the undersigned Judge of the Recorder's Court, City of Homewood, Alabama, in said County W. O. Haynes who being duly sworn, says that he has probable cause for believing, and does believe that E. E. Kelley whose name is otherwise unknown·to affiant within twelve months before making this affidavit, in said county and within the police jurisdiction of the City of Homewood, did: on to-wit the 26th day of September 1940, in violation of city ordinance No. 174 of the City of Homewood wilfully fail and refuse to keep a register of the guest of his tourist camp known as Hollywood Cottage Court located within the corporate limits of the City of Homewood against the laws and ordinances of the City of Homewood.

Sworn to and subscribed before me this 26th day of September, 1940.

"(Signed) E. C. Bloom
　　　　"Judge of Recorder's Court
　　　　　of Homewood.
"(Signed) W. O. Haynes
　　　　"Affiant."

Upon appeal to the Circuit Court the City of Homewood asked to be allowed to file an amended complaint, referred to as Count "A" the sufficiency of which is not challenged, nor indeed do we find. any ground for objection thereto. The trial court indicating the allowance thereof, defendant then applied to the Court of Appeals for writ of mandamus which has been awarded by the decision here sought to be reviewed. The Court of Appeals was of the opinion the amendment of the complaint was not to be allowed and that the remedy by mandamus was available to require a dismissal of the cause.

The reasoning of the opinion is based upon the theory the affidavit upon which Kelley was originally arrested and placed on trial in the Recorder's Court charges no offense and was void. In the cases relied upon by the Court of Appeals the court was considering the sufficiency of a complaint, to the effect that in cases involving the violation of municipal ordinances, the complaint should aver the substance of the ordinance, its authoritative ordination as a rule of conduct of the municipality, and that the party charged has violated it. Lineville v. Gauntt, 20 Ala.App. 135, 101 So.

154; Rosenberg v. Selma, 168 Ala. 195, 196, 52 So. 742; Benjamin v. Montgomery, 16 Ala.App. 389, 78 So. 167; Miles v. State, 94 Ala. 106, 11 So. 403.

But these cases dealt with the sufficiency of the complaint in the Circuit Court and not with that of the affidavit upon which defendant was originally tried and convicted. The proceedings in the Recorder's Court are governed by the statutes regulating appeals from Justice of the Peace in criminal cases (Sec. 2307, Code 1923, Code 1940, Tit. 37, § 464), which in turn are governed by the statutes regulating the trial of appeals from the county court. Sections 3858, 3859, Code 1923, Code 1940, Tit. 13, §§ 428, 429. And in Sections 3834 and 3815, Code 1940, Tit. 13, §§ 346, 327 are the following pertinent provisions:

"Sec. 3834 Jeofails and amendments.— It shall be no objection to the proceedings of the county court, either in that court or elsewhere, that they are imperfect or inaccurate; and when its proceedings are reviewed on appeal or certiorari, all amendable errors shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the accused."

"Sec. 3815 Warrant of arrest issued by judge or justice on affidavit.—A party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense ˙(designating the misdemeanor by name, or by some other phrase which in common parlance designates it), has been committed in said county by C. D. (naming the offender), on the person (or property, as the case may be) of A. B. (naming the person injured),. then the judge of said court or justice of the peace shall examine the affiant under oath, and other witnesses, if he so desires, touching the offense charged in the affidavit, and if the court or justice of the peace has probable cause for believing that the offense alleged in the affidavit has been committed, he shall issue his warrant of.arrest."

█ ·Following the lead of these statutes, this Court and the Court of Appeals have consistently held an affidavit sufficient which designates the offense by name or some other phrase which in common parlance designates it. Bates v. State, 152 Ala.

77, 44 So. 695; Nolen v. Jones, 200 Ala. 577, 76 So. 935; McDaniel v. Cain, 159 Ala. 344, 48 So. 52; Campbell v. State, 150 Ala. 70, 43 So. 743; Wilson v. State, 113 Ala. 104, 21 So. 487; Williams v. State, 88 Ala. 80, 7 So. 101; Glenn v. State, 26 Ala.App. 264, 158 So. 198; Freeland v. State, 26 Ala.App. 74, 153 So. 294; James v. State, 23 Ala.App. 277, 124 So. 393.

■ We think it clear enough the affidavit hereinabove set out sufficed for all purposes under these statutes and decisions and that the conclusion that it charged no offense and was void is laid in error. In the light of the foregoing authorities, we do not consider that question needs further discussion.

In Miles v. State, supra [94 Ala. 106, 11 So. 404], the ruling of the court below sustaining demurrer to the affidavit was held to constitute a judicial determination that "it charged no offense", and of consequence there was nothing upon which to base a complaint in the circuit court. We can find no analogy between the Miles case and the one here considered.

■ We have here determined the meritorious question in the case. But lest we be misunderstood we state our disagreement as to the remedy by mandamus. It is settled by uniform line of authorities that it is a rule of general application that mandamus will not be granted for the purpose of review and is not available as a substitute for an appeal. Ex parte State ex rel. Hain, 217 Ala. 702, 117 So. 418; Ex parte Wright, 225 Ala. 220, 142 So. 672; 14 Alabama Digest, Mandamus, pages 58, 59, ☞ 4; 38 C.J. 565. With any matter of exception to this general rule we are not here concerned, as the present case does not come within any such exception. Though the writ should have likewise been denied for this reason, we have yet thought it proper to treat and consider the question which involves the merits of the case as a guide for the further progress of the cause.

The writ of certiorari is awarded and the judgment of the Court of Appeals reversed and the cause remanded to that Court for dismissal of the mandamus proceeding in accord with the views herein expressed.

Writ granted. Reversed and remanded.

All Justices concur, except KNIGHT, J., not sitting.