81 So.2d 344

**Leon E. PATTERSON**

v.

**STATE.**

**3 Div. 971.**

Court of Appeals of Alabama.

March 22, 1955.

Rehearing Denied April 5, 1955.

John C. Walters, Troy, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

**PRICE, Judge.**

Omitting the formal parts, the indictment charges: Count 1, that appellant, "the officer, agent, clerk, employee or servant of George W. Thompson, Senior, George W. Thompson, Junior, John A. Thompson and Edward M. Thompson, a partnership, doing business as Hudson & Thompson, did embezzle or fraudulently convert to his own use, or to the use of another, or fraudulently secrete with intent to convert to his own use, or to the use of another, money and checks, or money or checks, to the amount of about $344.72, and of that value, which said money and checks, or money or checks had come into his possession by virtue of his office, agency or employment."

Count 2 charges the embezzlement of money to about the amount of $344.72.

Count 3 charges the embezzlement of bank notes, money, checks or bills of exchange of or about the amount of $344.72, and of that value.

Count 4 charges that appellant, "the officer, agent, clerk, employee or servant of George W. Thompson, Senior, George W. Thompson, Junior, John A. Thompson and Edward M. Thompson, a partnership, doing business as Hudson & Thompson, did embezzle or fraudulently convert to his own use or to the use of another, or fraudulently secrete with intent to convert to his own use, or to the use of another, a check drawn on The First & Merchants National Bank, Troy, Ala., dated 3-13-1953, payable to the order of Hudson & Thompson, or Hutson & Thompson, in the amount of $344.72, signed C. F. Roling, of the value of $344.72 the property of George W. Thompson, Senior, George W. Thompson, Junior, John A. Thompson and Edward M. Thompson, a partnership, doing business as Hudson & Thompson, which said check had come into his possession by virtue of his office, agency or employment."

Three grounds of demurrer assail count one as violative of Sec. 232 of Tit. 15, Code 1940, in that, from aught appearing a felony is joined with a misdemeanor.

In Noble v. State, 59 Ala. 73, Justice Stone stated the applicable rules in this manner: " * * * When two or more offences are charged in the same count disjunctively, each separate, alternative charge must contain a substantive offence under the law, charged with that degree of certainty which our statute requires, namely, 'in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.' (Now Sec. 232, Tit. 15, Code 1940). "This is probably nothing more nor less than the 'certainty to a common intent,' of which Lord Coke speaks."

Applying these rules to count one of the indictment, we conclude that the phrase "to the amount of about $344.72, and of that value" would be construed as referable to each alternative averment so that the legal effect of the language used would be that the defendant embezzled or fraudulently converted "money and checks to the amount of about $344.72, and of that value" or "money or checks to the amount of about $344.72, and of that value," thereby making it certain to a common intent that the property embezzled was of greater value than $25, and the offense a felony under each alternative averment.

■ The indictment was not rendered demurrable because of failure to specifically allege the ownership of the property. Wall v. State, 2 Ala.App. 157, 56 So. 57. Nor by the addition of "or servant" to the description of defendant. Sec. 126, Tit. 14, Code 1940, as amended.

The evidence for the State tends to show that defendant was employed as a salesman by the firm of Hudson & Thompson, of Montgomery, Alabama, his territory being the area around Troy, Brundidge, Elba, New Brockton and Enterprise. He took orders and collected accounts from his customers. Defendant was authorized to deposit in his own bank account the cash he collected, but had no authority to deposit anything else. He mailed to his employer a daily collection report, enclosing the checks collected by him and each Friday he came into the office with his weekly report which "showed his daily collections, according to his own collection report. * * * He would show on a separate collection report the amount of checks enclosed in his collection report, and the balance between the total collection reported and checks he had sent in would be the amount we would charge him with on Friday when he came in for his final check."

On March 13, 1953, C. F. Roling, who operated a store at Orion, Pike County, Alabama, gave to defendant a check payable to Hudson & Thompson, in the amount of $344.72, signed by C. F. Roling, drawn on the First Farmers and Merchants National Bank, of Troy, Alabama, in payment of his account with said firm. The cancelled check, bearing the endorsements "Hudson & Thompson," and "L. E. Patterson," was introduced in evidence as State's exhibit 1. Although defendant continued to make daily collection reports, no collection from C. F. Roling was included in such reports, until his report of March 26th, which report showed a collection from Roling of $70.72 on that day. Mr.

Roling's account was credited with this amount and it was included, along with other amounts shown in defendant's collection report for that day, in a check for $3,751.59, signed by defendant on March 27, 1953, made payable to Hudson & Thompson. This check was turned down by the bank for insufficiency of funds and was never paid.

Mr. Cecil Frizzle, cashier for Hudson & Thompson, testified that on April 9th, after sending another salesman out with Mr. Patterson to check his accounts, Mr. Roling's account with Hudson & Thompson was credited with the sum of $279.98, which the witness stated was the difference between $344.72, the amount of the check given by Mr. Roling on March 13th, and the $70.72 which defendant's report of March 26th showed as a collection from Mr. Roling. Although subsequent reports were made by defendant on April 13th and 14th, he never reported nor remitted the $279.98 nor any part of it.

After a proper predicate was laid to establish its voluntary character, proof was made of a confession by defendant and the following statement signed by defendant was introduced in evidence:

"April 10, 1953

"Statement of L. E. Patterson age 35, address Troy, Alabama.

"I wish to make the following voluntary statement concerning my handling of my accounts in the territory serviced by me. For the past several months I have been "Juggling" my customers accounts to cover up a substantial shortage which I have developed in my accounts. I do not know just how the shortage developed but approximately 3 yrs. ago I began to hold out on my cash remittances from week to week and taking the money held out each week to apply on the shortage from the previous week. The below summary is the true statement of my acct.

"Check returned as insufficient funds. 3/27.53–3751.59

|  |  |  |  |
|---|---|---|---|
| Daily report | 3/30/53 | | 3564.41 |
| " | " | 3/31/53 | 2396.28 |
| " | " | 4/1 | 1114.72 |
| " | " | 4/2 | 323.61 |

|  |  |
|---|---|
| | 11150.61 |
| Salary Credit | 228.65 |
| | 10921.96 |
| Over on acct. | 2.59 |
| Carried Fwd. | |
| | 10919.37 |

(Signed) L. E. Patterson."

Second Page.

"Brt. Fwd.

|  |  |
|---|---|
| | 10919.37 |
| Salary drawn | 93.60 |
| | 11012.97 |
| Ins. Adv. | 5.83 |
| | · 11018.80 |

4/3   Credit by certified check     3168.59

                                     7850.21

April 7—Shortage on customers acct.

|  |  |
|---|---|
| Troy Maid Bakery | 31.65 |
| Keyton Hughes | 48.09 |
| G. W. Youngblood | 370.88 |
| | 8300.83 |

April 8—Shortage customers acct.

|  |  |
|---|---|
| Jitney Jungle | 386.01 |
| Piggly Wiggly | 786.24 |
| J. S. Powell | 1541.32 |
| C. F. Rollings | 279.98 |
| Warren Cash Store | 511.37 |
| | 11805.75 |

"The above summary of figures represents the amount of unremitted collections which I have made on accounts with Hudson & Thompson. This is a true statement of the accounts and I admit that I have made the collections and failed to account to the company for the money. In addition there may be a small amount which will be found from further search.

"I have read the above two page statement and it is true.

"(Signed) L. E. Patterson."

Mr. M. W. Ellison, an employee of Hudson & Thompson, testified he was sent into defendant's territory with him, and that before arriving at Roling's store Patterson told him he was short in the Roling account.

James W. Wilson, a certified public accountant, testified that he made an audit of defendant's account with Hudson & Thompson, the testimony as to the audit being confined to the Roling case. He stated that his examination disclosed a difference in this account in connection with the check from Roling to Hudson & Thompson, of $274.

The defendant introduced no evidence except that of his good character and reputation in the community where he lived.

The jury returned a verdict of guilty and defendant was sentenced to the penitentiary for a term of three years.

■■■ The proof of the corpus delicti was sufficient to authorize the introduction of the confession. There was no error in overruling defendant's objection to the introduction of the confession on the ground the venue had not been proven. It is not required that any prescribed formula or order of proof be used to establish venue, the order of proof being within the sound discretion of the trial court.

The witness Wilson testified that in making his audit he used the ledger sheets and cash reports of Hudson and Thompson. Thereupon Mr. Frizzle was returned to the stand and testified that the books, ledgers and reports were those of Hudson and Thompson and were used by Wilson in making his audit. The books, records and entries were then admitted in evidence against defendant's objections that proof had not been made as to who made the entries or whether they were the original entries.

■■■ To render book accounts admissible in evidence it is required that they be properly identified or authenticated. The statutory rule is found in Sec. 414, of Tit. 7, Code 1940. The rule was not complied with, however, "admissions of incompetent evidence are harmless, where the fact to which that evidence relates is otherwise established by competent evidence. 9 Alabama and Southern Digest, Criminal Law, ☞ 1169(2), citing many authorities; James v. State, 24 Ala.App. 322, 135 So. 405." Smith v. State, 229 Ala. 207, 157 So. 874, 875; Enzor v. State, 27 Ala.App. 60, 167 So. 336.

■■■ Counsel insists in brief that the general affirmative charge should have been given because the venue was not proven. The charges refused to defendant were as follows:

"1. Under the evidence, you must acquit this defendant.

"2. The indictment does not charge embezzlement of bank funds and you must acquit the defendant.

"3. It is undisputed that defendant had no right to deposit a check; therefore there was no embezzlement in Montgomery County and you must acquit the defendant."

■■■ None of these charges show a sufficient compliance with the requirements of Circuit Court Rule 35, Code 1940, Tit. 7, Appendix p. 1036. If the defendant relies on charge 3 as a compliance with said rule, said charge was properly refused, it not being hypothesized on a belief from the evidence, and was otherwise faulty.

The judgment of the trial court is affirmed.

Affirmed.