168 So.2d 33

**Pete C. MELECH**

v.

**STATE.**

1 Div. 976.

Court of Appeals of Alabama.

Aug. 18, 1964.

Rehearing Denied Oct. 22, 1964.

Wilters, Brantley & Nesbit, Bay Minette, for appellant.

Richmond M. Flowers, Atty. Gen., David Ellwanger, John D. Bonham and Wm. G. O'Rear, Asst. Attys. Gen., for the State.

PRICE, Presiding Judge.

This prosecution originated in the Justice of the Peace Court. The affidavit charged defendant "did violate the bait shrimp law." Defendant was convicted and

**466**

appealed to the Circuit Court, where he was again convicted, and he appeals here.

The applicable provisions of the Statute are:

"§ 164(1). Nothing in the laws of the state of Alabama shall be so construed as to prevent any citizen thereof from taking or catching or attempting to catch or take any shrimp in any of the open waters of Mobile Bay below what is known as the Cochrane Bridge Causeway, without license therefor and within or without the closed season as declared by the director of conservation; provided that such shrimp shall be taken only in the manner herein set forth. (1947, p. 212, § 1, appvd. Aug. 15, 1947.)

"§ 164(2). Such shrimp shall be taken or caught solely for bait; shall not be taken or caught by use of any net or trawl having a width of greater than sixteen feet, and shall not be taken or caught in quantities greater than five pounds for each person on or in any boat at any time, nor shall more than fifteen pounds be caught by any boat regardless of the number of persons therein; nor shall more than five pounds for each person, nor' fifteen pounds for each boat, whichever is the lesser, be kept in possession at any time." (Code 1940, Tit. 8 § 164 as amended).

In the circuit court the solicitor filed a complaint charging that defendant did "take or catch shrimp in quantities greater than 5 pounds for bait, in closed waters of Mobile Bay." During the trial the solicitor was allowed, against defendant's objection, to amend the complaint by adding, "or did have in his possession more than 5 pounds. of such shrimp while alone in a boat."

■ In a prosecution based upon an affidavit and warrant it is sufficient to designate the offense by name, or by words from which it may be inferred. Glenn v. State, 26 Ala.App. 264, 158 So. 198; McDaniel v. Cain, 159 Ala. 344, 48 So. 52.

■ A complaint is amendable by leave of the court, if a new and different case is not introduced. Tatum v. State, 66 Ala. 465; Perry v. State, 78 Ala. 22.

■ We are of opinion a different offense was not charged here. The possession of the shrimp was embraced in the charge of taking or catching them. Clonts v. State, 19 Ala.App. 130.

Moreover, Section 56 of Title 8, Code 1940, provides that on appeal to the circuit court, or court of like jurisdiction, from a conviction in the justice of the peace court for a violation of the provisions of the game and fish laws the case shall be tried de novo, on the original affidavit and warrant.

In Cusimano v. State, 31 Ala.App. 99, 12 So.2d 418, the court said:

"* * * the original affidavit was sufficient upon which to rest the prosecution in the circuit court. * * * The solicitor's complaint was unnecessary, and whatever its defects (if any), the defendant was not thereby prejudiced."

See also Noah v. State, 38 Ala.App. 531, 89 So.2d 231.

■ The affidavit was not void. No question was raised as to its sufficiency before the Justice. Smith v. State, 73 Ala. 11; Laney v. State, 109 Ala. 34, 19 So. 531; Nicholas v. State, 32 Ala.App. 574, 28 So. 2d 422.

■ Mr. Payne, a sea-food warden for the State of Alabama, testified the defendant was alone in a boat on the Mobile River. He did not see him take any shrimp out of the water but he had ten pounds of shrimp in his possession. On cross-examination he stated the offense was committed South of Pinto Island between Pinto Island and Sand Island and East of McDuffie Island. A map issued by "United States Department of The Interior Geological Survey, Mobile Quadrangle 15-minute Series," was shown the witness and he

circled the spot on the map where the arrest was made. Thereupon the defendant offered the map in evidence. The state objected to the introduction of the map because the witness had stated he was not familiar with geodetic surveys and he had already described the location of the arrest. The objection was sustained. The map is attached to the record as defendant's Exhibit #1. The witness had sworn the map correctly represented the area in question. The map had a direct bearing on the question of whether the offense took place on the open waters of Mobile Bay and on the issue of venue. The refusal to admit it in evidence constituted reversible error.

It is insisted in brief that defendant was entitled to the following requested charges because of the failure to prove venue:

"No. *6*

The court charges you, gentlemen of the jury, that if you believe the evidence in this case, you must find for the Defendant.

"No. *8*

I charge you, gentlemen of the jury, even though you believe the Defendant is guilty of the offense with which he is charged, if you find that it was committed in Mobile County, and more than ¼ mile from the County line, you must find the Defendant not guilty.

"No. *9*

The Court charges the jury that if you believe that the offense the Defendant committed was not committed in Baldwin County, you must find for the Defendant."

■ Refused charge 6, the general affirmative charge, was not predicated upon failure of proof as to venue. Circuit Court Rule 35, Code 1940, Title 7 Appendix.

■ Refused charges 8 and 9 are not hypothesized on belief from the evidence. Bush v. State, 211 Ala. 1, 100 So. 312;

Patterson v. State, 38 Ala.App. 166, 81 So. 2d 344; Noah v. State, 38 Ala.App. 531, 89 So.2d 231.

For the error pointed out the Judgment is Reversed and the Cause Remanded.

Reversed and remanded.