Betty Ruth Holloway pleaded guilty to driving under the influence and driving with a suspended license. Following the opinion of the Alabama Supreme Court in Ex parteDison, 469 So.2d 662 (Ala. 1984), she sought relief in the Circuit Court of Houston County. That court set aside and vacated Holloway's convictions and ordered a refund of the fines and costs she had paid.
The City challenged the decision of the circuit court in a petition for writ of mandamus filed in this Court. The City's petition was denied by this Court on the authority ofDison, supra, and Ex parte McCurley,412 So.2d 1236 (Ala.), cert. denied, Alabama v. McCurley,456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1301 (1982). The City then filed a petition for writ of certiorari in the Alabama Supreme Court. That court, in City of Dothan v.Holloway, 501 So.2d 1136 (Ala. 1986), held that "theDison case was incorrectly decided," reversed the judgment of this Court, and remanded the cause back to this Court.
Once again, the issues before this Court are whether the Circuit Court of Houston County erred in vacating Holloway's convictions and in ordering the City to refund the fines and costs she had paid.
On March 5, 1984, Holloway was issued a Uniform Traffic Ticket and Complaint (UTTC) charging the offense of driving under the influence. On May 7, 1984, she was issued a second UTTC for "driving while license suspended or privilege revoked." On April 2, 1984, and June 18, 1984, Holloway pleaded guilty to the charges and was fined a total of $720 plus $39 court costs. She paid all fines and costs. *Page 1176 
Ex parte Dison, 469 So.2d 662 (Ala. 1984), was decided November 16, 1984. It held that a UTTC which was signed by the arresting officer but not verified by a judge or magistrate was void.
On April 16, 1985, Holloway's attorney filed a petition for writ of error in the Circuit Court of Houston County. This is the first objection of any type which appears in the record. On May 7, 1985, the circuit court granted the relief sought in the writ of error, vacating the convictions and ordering the fines and costs refunded. That order was specifically based onDison and McCurley.
In Holloway, the Alabama Supreme Court held:
 "[I]f the UTTC is not verified and the defendant does not object to this defect before trial, then the objection to the court's personal jurisdiction of the defendant has been waived. * * * [T]hose persons who were convicted of traffic infractions pursuant to an unverified UTTC and who did not object to that defect at the appropriate time, are not entitled to have their convictions vacated or the fines they paid refunded."
Although Holloway does not concede the correctness ofCity of Dothan v. Holloway, this Court is bound by that decision. Alabama Code 1975, § 12-3-16. Holloway now argues that the circuit court's order is correct even if based on the wrong reasons. She argues that she pleaded guilty to invalid charges. See Smith v. State, 435 So.2d 158
(Ala.Cr.App. 1983); Barbee v. State, 417 So.2d 611
(Ala.Cr.App. 1982). Specifically, Holloway alleges that the UTTCs are void because they do not "specify the numbers of the ordinance violated, or else the state code provisions violated and have the proper box on the A.U.T.T.C. checked as to whether or not it is a state law or city ordinance." Appellant's brief, p. 25.
The UTTC charging driving with a suspended license reads, in part, that Holloway "did unlawfully operate a motor vehicle . . . in violation of __________ State code (or) x
Municipal ordinance more particularly described in DESCRIPTION OF OFFENSE section below." The offense circled is "driving while license or privilege suspended."
The UTTC charging DUI reads, in part, that Holloway "did unlawfully operate a motor vehicle . . . in violation ofDUI __________ State code (or) __________ Municipal ordinance more particularly described in DESCRIPTION OF OFFENSE section below." That offense is "driving while under the influence of alcohol BAC .20."
While these UTTCs may have been voidable upon proper objection, they are not void. "In a prosecution based upon an affidavit and warrant it is sufficient to designate the offense by name, or by words from which it may be inferred."Melech v. State, 42 Ala. App. 465, 466, 168 So.2d 33
(1964); Ex parte McElroy, 241 Ala. 554, 555-56,4 So.2d 437 (1941). "In [a] prosecution of this character, . . . the offense charged may be designated by name, or by some other phrase which in common parlance designates it." Glenn v.State, 26 Ala. App. 264, 265, 158 So. 198 (1934). "[T]he warrant must 'designate' the misdemeanor in such manner that the man of ordinary intelligence may know what offense he is called upon to answer." Slater v. State, 230 Ala. 320,321, 162 So. 130 (1935). "The fact that an indictment similar to said affidavit would not be good against a demurrer did not render the said affidavit void." McDaniel v. Cain,159 Ala. 344, 48 So. 52, 54 (1908).
Title 13, section 327, Code of Alabama 1940, was "designed to avoid the miscarriage of justice upon technical grounds."Slater, 230 Ala. at 321, 162 So. 130. It provided that "in charging misdemeanors in the county court the affidavit . . . is sufficiently specific as to the offense charged in 'designating the misdemeanor by name, or by some other phrase which in common parlance designates it.' " Id. Although this section was not carried forward into the 1975 Code of Alabama, the principles of the old code section are still valid. A warrant does not require the same particularity which is demanded in *Page 1177 
indictments. Brazleton v. State, 66 Ala. 96, 98
(1880). Even "[a]n indictment need not set out the statute a defendant is charged under." Canada v. State,421 So.2d 140, 144 (Ala.Cr.App. 1982). See also Ex parteBush, 431 So.2d 563, 564 (Ala.), cert. denied, Bush v.Alabama, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175
(1983). Under these authorities, we find that neither UTTC was void for failing to charge an offense.
Additionally, we find that any irregularity in either UTTC was waived by the failure to raise a timely and proper objection.
In Holloway, our Supreme Court wrote:
 "The cases we have cited stand for the proposition that a defendant can waive his right to have an affidavit free from irregularities and can even waive his right to have any written statement informing him of the accusation against him, if he does not object to those defects at trial. . . . Since those defects may be waived by a defendant if he does not object at trial, they must be regarded as pertaining to a trial court's obtaining personal jurisdiction of the defendant. This conclusion is inescapable, since a defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter." (Citations omitted.) (Emphasis in original.)
The judgment of the circuit court vacating Holloway's convictions and ordering the repayment of fines and costs is hereby reversed. This cause is remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.