At approximately 1:30 a.m. on April 4, 1986, Birmingham Police Officers Meme Moorer and Quinton Stephenson were patrolling the University Boulevard area in Birmingham, Alabama. The officers saw the appellant, Sanders, driving his vehicle erratically and at a high rate of speed. The appellant's vehicle was weaving in and out of traffic. As a result, the officers stopped the appellant's vehicle. When they approached the appellant, the officers noticed a strong smell of alcohol. The appellant's eyes were bloodshot and he staggered when he walked.
The officers placed the appellant under arrest for driving under the influence and reckless driving. The appellant was then transported to the jail where he was administered the Intoxilyzer 5000 test by Officer Elvis Kennedy. The result of the test was a .14 percent reading on the breath alcohol meter.
The appellant was convicted in the Birmingham Municipal Court of DUI and also of reckless driving. He appealed these convictions to the Jefferson County Circuit Court where he was again convicted of both of these offenses. The appellant now appeals his convictions in circuit court to this court.
 I
Prior to the appellant's trial in circuit court, a hearing was held at which Nathaniel Alexander, the magistrate who verified the Uniform Traffic Ticket and Complaint (UTTC), testified. Alexander stated that, when he was presented with a ticket, he would ask if it was true and then would sign and stamp the ticket. He testified that he never refused to sign any tickets because he thought the legal determinations had already been made by the city attorney or the court clerk.
The appellant seems to contend on appeal that Alexander failed to make a probable cause determination in this case, and, thus, he did not act as a neutral and detached magistrate. We disagree.
A magistrate is not required to make a probable cause determination prior to verifying a UTTC. The reason a magistrate is required to sign the UTTC is "to insure that a statement has been taken from the affiant under oath." Ex parteCherry, 491 So.2d 1003, 1004-05 (Ala.), cert. denied,479 U.S. 861, 107 S.Ct. 210, 93 L.Ed.2d 139 (1986).
Alexander testified that, when Officer Moorer presented him with the UTTC in question, he asked her if it was true and correct. Moorer replied that it was and then she took an oath and swore to the UTTC. A magistrate is required to administer the oath when presented with a UTTC. Cherry. Alexander administered the oath to Moorer when she presented him *Page 327 
with the UTTC. He attested to this fact by signing the UTTC.
Rule 18(II)(A), A.R.J.A. states that a magistrate must be "neutral and detached from all law enforcement activities." We find no evidence that Alexander was acting to the contrary. Thus, there is no merit to this issue.
 II
During defense counsel's cross-examination of Elvis Kennedy, the intoxilyzer operator, the following occurred:
 "Q Okay. And during those thousand to twelve hundred you are not telling this jury that you actually remember Bill Sanders and that particular test. What you are saying is that this test that you have, this is the records [sic] that you remember and the procedures you follow, is that not correct?
 "A Well, sir, in this particular case, I do remember the Defendant, and the reason for that is I've had more than one contact with the Defendant on official capacity. That is why I remember him.
 "Q Okay. Did he do something on this occasion that made you remember his particular face or something that — was he belligerent on that occasion?
 "A No, sir. In fact, when he was brought to the jail for me to administer the test I particularly stated to the arresting officer that I had run another test on him before in another case.
 "MR. ROHR: Your Honor, at this time we would ask for a mistrial.
"THE COURT: Overruled." (R. 78.)
The appellant contends his motion for a mistrial should have been granted due to Kennedy's reference to a collateral offense.
"[E]rror cannot be predicated upon admission of testimony which was elicited by defense counsel and was responsive to defense questions." Lacy v. State, 484 So.2d 1192, 1195
(Ala.Crim.App. 1986) (citations omitted). Kennedy's remark was in response to defense counsel's questions concerning how Kennedy remembered this particular appellant. Thus, we find no error as to this issue.
 III
The appellant argues that the City of Birmingham did not file a complete record to the circuit court as required by §12-14-70(d), Code of Alabama 1975. This section reads as follows:
 "When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days." Ala. Code, § 12-14-70(d) (1975).
The record shows that the City of Birmingham filed the Uniform Traffic Ticket and Complaint, the court record, the report of breath alcohol test, the notice of appeal and appeal bond with the circuit court within the 15-day time period. This is certainly sufficient to meet the requirements of §12-14-70(d). See Ex parte Holden, 407 So.2d 182 (Ala. 1981); Exparte Hood, 404 So.2d 717 (Ala. 1981).
The appellant seems to argue that the record was incomplete because some of the motions he allegedly submitted to the municipal court were not filed with the circuit court by the City of Birmingham. Defense counsel showed a copy of these motions to the circuit court judge at a hearing prior to trial. At that point, defense counsel could have and should have asked the court to include these motions in the record. This he failed to do. The burden is on the appellant to make sure the record is correct and complete. Hollins v. State,415 So.2d 1249 (Ala.Cr.App. 1982). Thus, this issue is without merit.
 IV
The appellant contends on appeal that the UTTC in this case was improperly amended because his copy was unverified and the UTTC in the court's record was verified. A defendant waives any objections to his personal copy of a UTTC unless he objects to any inconsistency between his copy and the court's copy of the UTTC in the municipal court. Hosmer v. City of Mountain Brook,507 So.2d 1038 (Ala.Cr.App.), cert. denied, 507 So.2d 1038
(Ala. 1987). Although the appellant raised this *Page 328 
issue in circuit court, this is not sufficient. See Hosmer. The only evidence that the appellant had raised this issue in municipal court is a statement by him in a hearing before the circuit court that he raised this issue in a motion in municipal court. However, there is no evidence of such a motion in the record.
 "This court is bound by the record, and the record may not be impeached by matters outside of the record."
Hollins v. State, 415 So.2d 1249, 1252 (Ala.Cr.App. 1982). Rule 10(f) A.R.A.P. provides for the correction or modification of the record. Hollins. This rule was not invoked by the appellant. He did not attempt to include this motion or even his copy of the UTTC in the trial court's record or in the record on appeal to this court. Thus, there is nothing before this court to review. We must assume the record to be correct.
 V
The appellant asserts that merely designating the municipal ordinance on the UTTC and circling the "RECKLESS DRIVING" square included in the "DESCRIPTION OF OFFENSE" section of the UTTC were insufficient to inform him of the charge against him. He argues that the UTTC should have contained an allegation of the facts of this offense.
The UTTC charging the appellant with reckless driving reads, in part, that the appellant "[d]id unlawfully operate a motor vehicle . . . in violation of GCC 10-8-3. . . . Municipal ordinance, more particularly described in the DESCRIPTION OF OFFENSE section below (See circle of description of offense)." Square "2", which charges the offense of "RECKLESS DRIVING" is circled in the "DESCRIPTION OF OFFENSE" section of the UTTC.
 "It is fundamental that 'the accused has a constitutional right to be informed of the charges against him.' Wilbourn v. State, 452 So.2d 915, 916
(Ala.Cr.App. 1984). 'The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense.' Summers v. State, 348 So.2d 1126, 1132 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala. 1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). An instrument which purports to, but 'fails to state an offense will not support a judgment of conviction.' Barbee v. State, 417 So.2d 611, 614
(Ala.Cr.App. 1982). The accused is entitled to 'a plain, concise statement of the facts in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged.' A.R.Cr.P.Temp. 15.2(a)."
Corum v. City of Huntsville, 491 So.2d 1091, 1092
(Ala.Cr.App. 1986).
 " 'In a prosecution based upon an affidavit and warrant it is sufficient to designate the offense by name, or by words from which it may be inferred.' Melech v. State, 42 Ala. App. 465, 466, 168 So.2d 33 (1964); Ex parte McElroy, 241 Ala. 554, 555-56, 4 So.2d 437 (1941). 'In [a] prosecution of this character, . . . the offense charged may be designated by name, or by some other phrase which in common parlance designates it.' Glenn v. State, 26 Ala. App. 264, 265, 158 So. 198
(1934). '[T]he warrant must "designate" the misdemeanor in such manner that the man of ordinary intelligence may know what offense he is called upon to answer.' Slater v. State, 230 Ala. 320, 321, 162 So. 130 (1935)."
City of Dothan v. Holloway, 501 So.2d 1175, 1176
(Ala.Cr.App. 1986).
In Corum, this court held that, if an offense is not circled in the "DESCRIPTION OF OFFENSE" section, even though the violation of a municipal ordinance is alleged on the UTTC, the UTTC is fatally defective because it fails to describe an offense. In Holloway, an offense was circled in the "DESCRIPTION OF OFFENSE" section but the UTTC did not specify which municipal ordinance the accused was charged with violating. This court held that the UTTC in Holloway was not void for failure to charge an offense. *Page 329 
In the case at bar, an offense was circled in the "DESCRIPTION OF OFFENSE" section and the violation of a municipal ordinance was specified on the UTTC. Neither of the two cases discussed above, nor any other authority we can find, require the UTTC to contain an allegation of the particular facts surrounding the offense with which the accused is charged.
 "The complaint and summons used in all non-felony traffic cases shall be the 'Uniform Traffic Ticket and Complaint.' "
Rule 19(A)(1), A.R.J.A.
 "The uniform traffic ticket and complaint shall be used in all non-felony traffic cases in all courts of the state. Any ticket properly issued by a law enforcement officer shall be accepted for filing and disposition in any court having jurisdiction over the alleged offense."
Rule 19(A)(2), A.R.J.A.
 "The uniform traffic ticket and complaint . . . is hereby approved and declared to be sufficient for each of the offenses listed therein."
Rule 19(D), A.R.J.A.
Thus, a UTTC which is properly issued is sufficient to charge the offense as listed on the UTTC. The UTTC in this case charged the appellant with the offense of reckless driving in violation of municipal ordinance GCC 10-8-3. This was certainly sufficient to inform this appellant of the charge against him.
 VI
During the court's oral charge to the jury, the trial judge gave the following instruction:
 "Now, ladies and gentlemen, the Court allowed two officers, Officer Moorer and Stephenson to testify as experts, and they were allowed to give an opinion about whether the Defendant was under the influence of alcohol at the time of the arrest. By expert that means that they have or considered to have knowledge above that of a non-expert witness because of their experience and their opportunity to observe people in this particular condition. But, their opinions are not binding on the jury. These witnesses have been permitted to express an opinion and conclusion. However, you are not required to accept that opinion or conclusion, but must determine yourself the weight to be given such testimony when considered with all of the other evidence that has been given in this case." (R. 124-25.)
Defense counsel objected to this portion of the court's charge and now contends this charge was error.
 "Intoxication is a matter of common observation which requires no peculiar scientific knowledge. 31 Am.Jur.2d Expert and Opinion Evidence, Section 101 (1967). The general principles controlling opinion testimony on intoxication are stated in 23 C.J.S. Criminal Law § 866 (1961).
 " 'It has been broadly declared, or the principal has been broadly applied, that any witness may express his opinion as to intoxication, that opinion testimony as to intoxication is not limited to expert testimony, and may be given by law witnesses, and that intoxication or sobriety need not be proved by expert testimony, since it does not require any particular or special knowledge. The witness must have had a suitable opportunity, even though slight, for observation; the conditions under which the witness observed the person in question, and the opportunity to observe him, go to the weight, and not to the admissibility, of the testimony. It has been required that evidence be admitted showing that any witness who is asked to express an opinion as to accused's intoxication is properly qualified.' "
 "See also Gladden v. State, 36 Ala. App. 197, 54 So.2d 607, cert. denied, 256 Ala. 368, 54 So.2d 610
(1951)."
Jackson v. State, 440 So.2d 1181, 1184 (Ala. Cr. 2App.), cert.denied, 440 So.2d 1181 (Ala. 1983) (quoting Jolly v. State,395 So.2d 1135, 1143 (Ala.Cr.App. 1981)) (emphasis added).
Thus, although expert testimony as to intoxication is not necessary, its use is certainly not prohibited. *Page 330 
 "The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse. Kozlowski v. State, 248 Ala. 304, 27 So.2d 818 (1946); Davis v. State, 352 So.2d 3 (Ala.Cr.App.), cert. denied, 352 So.2d 8
(Ala. 1977). An individual may qualify as an expert witness by study, practice, experience or observation. Radney v. State, 342 So.2d 942
(Ala.Cr.App.), cert. denied, 342 So.2d 947
(Ala. 1977). An expert witness is one who can enlighten a jury more than the average man in the street. Carlton v. State, 342 So.2d 1382
(Ala.Cr.App. 1977). Also see C. Gamble, McElroy's Alabama Evidence § 127.01(5) (3d ed. 1977)."
Gullatt v. State, 409 So.2d 466, 472 (Ala.Cr.App. 1981) (emphasis added).
Officer Moorer testified that, in her four years as a police officer, she had made 40 to 50 arrests for DUI and 75 arrests for public intoxication. Officer Stephenson testified that he had been a police officer for three years and part of that time he was a patrol officer.
In light of this evidence, we do not believe the trial judge erred by characterizing these two witnesses as experts in his oral charge to the jury. Based upon these officers' experience and observation, they could certainly enlighten the jury on the subject of intoxication more than the average man on the street. Grimes v. State, 488 So.2d 8 (Ala.Cr.App. 1986).
Furthermore, the appellant contends that these officers' testimony concerning the appellant's intoxication "was really almost on the ultimate issue before the jury." (Appellant's brief, p. 17.) We have addressed this issue previously and have held that, "[a]n officer may give his opinion as to the sobriety vel non of the accused in a DUI case." Grimes v.State, 491 So.2d 1053, 1055 (Ala.Cr.App.), cert. denied,491 So.2d 1053 (Ala. 1986) (citing Grimes v. State, 488 So.2d 8
(Ala.Cr.App.), cert. denied, 488 So.2d 8 (Ala. 1986).
We find no error as to this issue.
 VII
The appellant seems to contend in brief that the results of the Intoxilyzer 5000 test should have been suppressed because the city ordinance with which the appellant was charged did not specifically permit the use of the Intoxilyzer 5000 test.
A city ordinance designating a particular test for use by its law enforcement agencies is not essential to establish a proper predicate for the introduction of the results of such a test.Estes v. State, 358 So.2d 1050 (Ala.Cr.App. 1977), cert. denied,358 So.2d 1057 (Ala. 1978) (court's original opinion withdrawn and substituted on rehearing), cert. denied, 358 So.2d 1057
(Ala. 1978). "[I]t is the law enforcement agency, not the city, which designates which test is to be used." Estes, 358 So.2d at 1053.
 " 'In Ex parte Bush, 474 So.2d 168 (Ala. 1985), this Court addressed the issue of what elements were necessary to lay the proper predicate for admissibility of the P.E.I. test results. There we said:
 " ' "This predicate may be established by showing, first, that the law enforcement agency has adopted the particular form of testing that was in fact used. Alabama Code 1975, § 32-5A-191(a) [sic, § 32-5-192(a)]. See Estes v. State, 358 So.2d 1050 (Ala.Crim.App. [1977]), cert. denied, 358 So.2d 1057
(Ala.Crim.App. 1979). Second, there must be a showing that the test was performed according to methods approved by the State Board of Health. Alabama Code 1975, § 32-5A-194(a)(1). See Commander v. State, 374 So.2d 910 (Ala.Crim.App. 1978). This may be proved by the introduction of the rules and regulations the officer followed while administering the test and the officer's testimony that he did, in fact, follow those rules when he administered the test in question. Parker v. State, 397 So.2d 199
(Ala.Crim.App. 1981). Patton v. City of Decutar, 337 So.2d 321 (Ala. 1976). Third, there must be a showing that the person administering the test has a valid permit issued by the State Board of Health for that purpose. Alabama *Page 331 
Code 1975, § 32-5A-194(a)(1)." 474 So.2d at 170.' "
"Ex parte Reed, 492 So.2d 293, 294 (Ala. 1986)."
Baker v. City of Huntsville, 516 So.2d 927, 933 (Ala.Cr.App.),cert. denied, 516 So.2d 927 (Ala. 1987).
Officer Kennedy testified that he was certified by the State Board of Health as an Intoxilyzer 5000 operator. A copy of his certification card was admitted into evidence. The rules and regulations of the State Board of Health concerning the operation of this test were admitted into evidence and Kennedy testified that he followed these procedures when he administered the Intoxilyzer test to this appellant. The log book and operational procedure forms which were used when administering this test were also admitted into evidence. Officer Kennedy testified that the Intoxilyzer 5000 test was authorized by the Birmingham Police Department as well as the State Board of Health, the Alabama Public Safety Department, and the City of Birmingham. Thus, the proper predicate for the introduction of the results of the Intoxilyzer 5000 test was established and the results were properly admitted into evidence. Baker.
For the reasons stated above, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.